THE PEOPLE v. CHARLES ETTER.

*Criminal law—Rape—Age of consent—Conduct of prosecutor—Evidence.*

1. On the trial of a respondent for an alleged rape upon a girl under fourteen years of age, evidence that the parties were found in bed together *after* the girl arrived at that age is inadmissible, having no tendency to show the previous unlawful intimacy; citing *People v. Clark,* 33 Mich. 115.

2. A prosecuting attorney is not at liberty to call only such witnesses as are most favorable to the prosecution, when there are others who are in a situation to know, and do in fact know, as much about the transaction.

   So *held,* where, on the trial of a respondent for rape, the main question at issue was whether the girl was under or over fourteen years of age, and the prosecuting attorney declined to call a witness whose name was indorsed on the information, and who was present at the girl's birth, because he had learned that the witness would dispute the testimony of other witnesses, but stated that the witness was in court, and could be called by the defense, in which action he was sustained by the court, which ruling is held to have been erroneous.

3. A marriage certificate, made pursuant to How. Stat. § 859, by a justice of the peace, and filed with the county clerk fifteen years after its date, was received in evidence in a criminal case without proof of the genuineness of the justice's signature, and without accounting for the delay in filing; and it is held that the paper should have been excluded.

Error to Cass. (O'Hara, J.) Argued June 12, 1890. Decided June 27, 1890.

Respondent was convicted of the crime of rape, and sentenced to State prison for 14 years. Judgment reversed, and new trial ordered. The facts are stated in the opinion.

*Howell & Carr*, for respondent.

*B. W. Huston*, Attorney General, and *F. J. Atwell*, Prosecuting Attorney, for the people.

CAHILL, J. The respondent was convicted of the crime of rape, charged to have been committed on a young girl, under the age of 14 years, on July 28, 1888. The principal contest on the trial was over the question of the girl's age; it being conceded that the intercourse was had with her consent, if she was of an age to give legal consent. It was claimed by the prosecution that the girl became 14 years old October 13, 1888, whereas it was claimed by the respondent that she was a year older. The only evidence of intercourse prior to October 13, 1888, was given by the girl herself, who testified to two occasions,—one in April and the other in July previous.

The prosecution was allowed to prove, under objection, by the mother of the girl, that she caught respondent in bed with her daughter in her own house on the night of October 15, 1888, two days after the girl was admittedly 14. This evidence should have been excluded. It could have no legitimate tendency to show the previous unlawful intimacy. *People v. Clark*, 33 Mich. 115. It was admitted by the court on the idea that respondent then admitted the previous intercourse. But it would have been competent to prove respondent's admissions without proving in detail all the circumstances that were allowed to be shown in this case. It is by no means clear that

respondent made, or intended to make, any admission of criminal conduct. It is very apparent that the real purpose of the evidence was to get before the jury the fact that respondent had been caught in the act on October 15, so that they should infer therefrom the previous intimacy when the girl was under the age of legal consent.

Among the witnesses whose names were indorsed on the information was that of Catherine Blood, the grandmother of the girl, who was admitted to have been present at her birth. The prosecuting attorney rested his case without calling her, and, when requested by respondent's counsel to call her, declined to do so on the ground that he had learned, from talking with her, that she would dispute the testimony of the other witnesses for the people who had testified to the date of the girl's birth; that he did not propose to call her, or to be bound by her testimony, which he knew was mistaken. He further said the witness was in court, and the defense could call her. The court sustained him in this position. This was error. It has long been the settled law of this State, at least since the case of *Hurd v. People*, 25 Mich. 405, that a prosecuting attorney is not at liberty, in the trial of a criminal case, to select and call only such witnesses as are most favorable to the prosecution, when there are others who are in a situation to know, and do in fact know, as much about the transaction. The only legitimate object of the prosecution is—

"To show the whole transaction as it was, whether its tendency be to establish guilt or innocence."

Mrs. Blood was one of two witnesses who were present at the birth of the girl; and, under the circumstances of this case, there were manifest reasons why she should have been called to give her testimony for the people, who are interested in establishing nothing but the truth.

The prosecution was allowed to put in evidence what purported to be a certificate of the marriage of Mr. and Mrs. Blood, the father and mother of the girl, and purporting to have been made by John Thompson, a justice of the peace of Cass county.   The paper bore date December 17, 1873, but was not filed in the county clerk's office until March 22, 1889, which was while the trial was in progress.   No evidence was offered showing the handwriting of the justice, or in any way proving its genuineness; nor was the delay of 15 years in filing it for record accounted for.   It was admitted that the justice was dead.   This certificate was one required by How. Stat. § 859, to be made by every person solemnizing a marriage, and delivered to the clerk of the county within 90 days thereafter; and, if this had been done, it would have been competent evidence.   But we think it decidedly unsafe to allow an unproved, unauthenticated paper like this to be brought in and filed in a public office after so great a lapse of time, and then to give it the force and effect of a public record.   This paper should have been excluded.

For the errors pointed out, the conviction must be set aside, and a new trial granted.

The other Justices concurred.