## PEOPLE *v.* ROBERSON
### OPINION OF THE COURT

1. CRIMINAL LAW—CHARGE TO JURY—APPEAL AND ERROR.

    Technical objections to the court's charge to the jury in a criminal case will not be reviewed by the Court of Appeals unless they were made at the trial (GCR 1963, 516.2).

2. SAME — WITNESSES — ALIBI — REBUTTAL TESTIMONY — DUTY OF PROSECUTION.

    It was not reversible error for the people to fail to produce a witness to rebut defendant's alibi testimony, where this witness was available to either party, and it certainly is not incumbent on the people to call a witness who might tend to prove defendant's alibi.

3. SAME—CRIMINAL INTENT—JURY QUESTION.

    It was a question for the jury whether the specific intent required for conviction of assault with intent to commit rape was present in defendant; and such finding, when justified by complainant's testimony, would not be disturbed by the Court of Appeals (CLS 1961, § 750.85).

### CONCURRING OPINION

### LEVIN, J.

4. CRIMINAL LAW—PROCEDURE—NEW TRIAL—WITHHELD EVIDENCE.

    *The remedy for a person convicted of a crime who claims that the prosecution has improperly withheld evidence is to move for a new trial.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 891.
[2] 29 Am Jur 2d, Evidence § 440.
[3] 21 Am Jur 2d, Criminal Law § 82.
[4–6] 39 Am Jur, New Trial § 38.

5. SAME—EVIDENCE—DUTY OF PROSECUTION TO PRODUCE WITNESSES.
   *It is the duty of the prosecution to show the entire transaction in question, and to produce all witnesses known to it whether the effect of their testimony is to establish guilt or innocence; and this duty is not limited to witnesses who were present at the time the alleged crime was committed.*

6. SAME—PROCEDURE—NEW TRIAL—WITHHELD EVIDENCE.
   *Motion for new trial because evidence was improperly withheld by the prosecution will not be granted unless it be shown that the prosecution or police did in fact interview witnesses who furnished information helpful to the defense which was not disclosed to defendant's trial counsel.*

Appeal from Recorder's Court of Detroit, Ricca (John A.), J. Submitted Division 1 July 19, 1968, at Detroit. (Docket No. 3,108.) Decided October 24, 1968.

Clarence Roberson was convicted of assault with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Sheldon M. Lutz,* for defendant on appeal.

J. H. GILLIS, J. Defendant Clarence Roberson was charged with having committed the crime of assault with intent to commit rape.* After a jury trial, the defendant, on September 21, 1966, was convicted as charged.

At trial defendant contended that this was a case of mistaken identity and presented 3 alibi witnesses in support of his position. The complainant testified

---

* CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).

that she was positive of her identification. A police-woman present at a show-up testified that the complainant had immediately identified the defendant from among several others who were approximately the same age, color and height.

On appeal the defendant presents several issues for our determination pertaining to the sufficiency of the evidence, the conduct of the police show-up and the adequacy of the court's charge to the jury. Additionally, the defendant argues that the prosecution should have produced an additional witness to rebut the testimony of the defendant's alibi witnesses.

Our review of this record establishes that there was sufficient evidence presented to the jury, which, if believed by them, would sustain a guilty verdict. The show-up was conducted prior to June 12, 1967 and, therefore, the procedure outlined in *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), does not apply. *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199). The record further demonstrates that the show-up was conducted in a manner that did not deprive the defendant of his constitutional rights.

The court's charge to the jury was not objected to and we will not review allegations of technical error in light of GCR 1963, 516.2. Having reviewed the court's instructions as a whole, we find the charge as given was adequate and fair.

The defendant's allegation of reversible error in failure of the people to bring in an additional witness to rebut the testimony of his alibi witnesses is not supported by any authority. Nothing in the record indicates that the additional witness was inaccessible to either party. If his testimony would have tended to prove defendant's alibi, it is a novel proposition for defendant to claim that the duty

to call such a witness was incumbent on the people.

Defendant's final argument is that there was insufficient evidence to warrant the jury finding that the defendant had a specific intent to commit the crime. This was a question for the determination of the jury and there is certainly ample testimony from the lips of the complainant to justify the finding of the jury.

Affirmed.

. LESINSKI, C. J., concurred with J. H. GILLIS, J.

LEVIN, J., (*concurring*). The defendant's remedy, if he has one, is by motion for a new trial. There has been no showing that the police or prosecutor did in fact interview witnesses who furnished information corroborating the defendant's evidence or which was otherwise helpful to the defense bearing on the identification or alibi issues that was not disclosed to defendant's trial counsel. See *Jackson* v. *Wainwright* (CA 5, 1968), 390 F2d 288. The prosecutor's obligation to show the whole transaction, to produce all witnesses, whether the tendency of their evidence is to establish guilt or innocence (*Hurd* v. *People* [1872], 25 Mich 405, 416; *People* v. *Blazenzitz* [1920], 212 Mich 675, 679) is not limited to witnesses present at the time the crime was committed. *People* v. *Ake* (1961), 362 Mich 134; *People* v. *Kayne* (1934), 268 Mich 186; *People* v. *Etter* (1890), 81 Mich 570; *People* v. *Dickinson* (1966), 2 Mich App 646.