PEOPLE v HOWELL

PEOPLE v HELZER

Docket No. 55799. Argued April 8, 1975 (Calendar No. 3). Docket No. 56180. Argued June 5, 1975 (Calendar No. 11).—Decided January 27, 1976.

Michael Howell was charged with assault with intent to commit the crime of gross indecency, by committing forced fellatio, in violation of MCL 750.85; MSA 28.280. Defendant's motion to dismiss on the grounds that the statute under which he was charged is unconstitutionally vague was denied in the Recorder's Court of Detroit, Susan Borman, J., but a stay of proceedings was granted to allow the defendant to seek interlocutory relief. The Court of Appeals, Lesinski, P. J., and J. H. Gillis and O'Hara, JJ., denied leave to appeal (Docket No. 18933).

Richard Helzer was convicted by a jury in Presque Isle Circuit Court, Philip J. Glennie, J., of gross indecency between male persons on proof of fellatio with a minor. MCL 750.338; MSA 28.570. The Court of Appeals, Danhof, P. J., and Quinn, J. (V. J. Brennan, J., dissenting), reversed and remanded for a new trial (Docket No. 15180). The people appeal. *Held:*

1. Challenges on the grounds of vagueness to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. While the term "act of gross indecency" standing alone fails to give adequate notice of the conduct prescribed, the statutes have long been applied in the courts to acts of forced fellatio and fellatio with a minor, and so give adequate forewarning that these acts are proscribed.

2. An instruction to the jury in Helzer's case, without objection, that it should determine whether he had taken indecent liberties with the private parts or the penis of the boy, while

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 17.
[2] 16 Am Jur 2d, Constitutional Law § 552.
[3–5] 50 Am Jur 2d, Lewdness, Indecency and Obscenity § 2 *et seq.*
[6, 8] 50 Am Jur 2d, Lewdness, Indecency and Obscenity § 41.
[7] 29 Am Jur 2d, Evidence §§ 708, 713.

imprecise in failing to highlight the need to determine that an oral or manual sexual act had been committed, was minimally adequate in light of the proofs and factual issue thereby posed.

3. An erroneous instruction to the jury in Helzer's trial that conviction was proper if it found that the offense was committed at any time within the statute of limitations does not require reversal. Only a single incident was alleged and shown between the defendant and the complaining witness, a young boy, and children often have difficulty in remembering precise dates. Under the circumstances, failure expressly to confine the jury to the act charged could not have resulted in conviction for another act.

The case of defendant Howell is remanded for trial and defendant Helzer's conviction is affirmed.

Justice Levin, joined by Chief Justice Kavanagh and Justice Williams, would further hold that, there being no "common sense of society" regarding sexual behavior between consenting adults in private, that test leaves the trier of fact free to decide without any legally fixed standards what is prohibited and what is not in each particular case. The construction of the statute by the Court of Appeals in *People v Dexter,* 6 Mich App 247, 253; 148 NW2d 915 (1967), should be rejected. The term "act of gross indecency" prohibited should be construed to mean oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public.

54 Mich App 285; 220 NW2d 735 (1974) reversed.

1. CRIMINAL LAW—DUE PROCESS—STATUTES—VAGUENESS.

A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; (3) its coverage is overbroad and impinges on First Amendment freedoms.

2. CONSTITUTIONAL LAW—DUE PROCESS—STATUTES—VAGUENESS.

Challenges to statutes which do not involve First Amendment freedoms on the grounds of vagueness must be examined in the light of the facts of the case at hand.

3. CRIMINAL LAW—GROSS INDECENCY—DUE PROCESS—VAGUENESS.

The term "act of gross indecency" standing alone in the criminal statutes fails to give adequate notice of the conduct proscribed, but courts have long applied statutes concerning gross indecency to acts of forced fellatio and fellatio with a minor, and

defendants charged with assault with intent to commit gross indecency on proof of forced fellatio and with committing an act of gross indecency on proof of fellatio with a minor cannot be heard to say that they were not forewarned that such conduct was subject to prosecution under the statutes (MCL 750.85, 750.338; MSA 28.280, 28.570).

4. CRIMINAL LAW—GROSS INDECENCY—STATUTES—DUE PROCESS— VAGUENESS—COMMON SENSE OF SOCIETY.

*The construction of statutes concerning gross indecency to prohibit conduct that the common sense of society regards as indecent or improper should be rejected; there being no common sense of society regarding sexual behavior between consenting adults in private, that test leaves the trier of fact free to decide without any legally fixed standards what is prohibited and what is not in each particular case (MCL 750.85, 750.338; MSA 28.280, 28.570).*

5. CRIMINAL LAW—GROSS INDECENCY—STATUTES—CONSTRUCTION.

*The term "act of gross indecency" used in criminal statutes should be construed to mean oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public (MCL 780.85, 750.338; MSA 28.280, 28.570).*

6. CRIMINAL LAW—GROSS INDECENCY—INSTRUCTIONS TO JURY.

A defendant cannot complain that a jury in a trial for gross indecency was instructed to determine whether the common sense of society would regard his conduct to be improper or indecent where the instruction given was minimally adequate to inform the jury that conviction was proper only if it found that the defendant had committed the oral or manual sexual acts related in the testimony and where the standard applied to the defendant has been uniformly applied.

7. CRIMINAL LAW—WITNESSES—FAILURE TO INDORSE.

Failure of the prosecution to indorse and call res gestae witnesses does not require reversal of a defendant's conviction where the failure was apparent to defense counsel who listed one of the witnesses as an alibi witness but did not call him to testify.

8. CRIMINAL LAW—INSTRUCTIONS TO JURY—TIME OF OFFENSE—GROSS INDECENCY.

A defendant is entitled to an instruction confining the jury to the time, date or period of the offense established by the evidence without regard to whether an alibi has been interposed; failure expressly to confine the jury in a trial for gross indecency to

the time of the act charged does not require reversal of the defendant's conviction where only a single incident was alleged and shown between the defendant and the complaining witness, who was a child, and they had met each other for the first time only a few days before the incident, because under these circumstances the failure could not have resulted in conviction for another act (MCL 750.338; MSA 28.570).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, for the people.

*William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Ronald P. Weitzman,* Assistant Prosecuting Attorney, for the people in *Howell.*

*Elmer L. Radka,* Prosecuting Attorney, *Prosecuting Attorneys' Appellate Service,* (by *Edward R. Wilson,* Director, and *Howard C. Marderosian,* Special Assistant Attorney General) for the people in *Helzer.*

*Kenneth M. Mogill* for defendant *Howell.*

*State Appellate Defender Office* (by *Roger L. Wotila,* Assistant Defender, and *Kenneth M. Mogill,* of counsel) for defendant *Helzer.*

Amicus Curiae: *Sheridan V. Holzman* for American Civil Liberties Union of Michigan.

LEVIN, J. The question is whether a prosecution may be maintained for assault with intent to commit the crime of gross indecency[1] on proof of forced fellatio (Howell) or for committing an act of gross indecency[2] on proof of fellatio with a minor

---

[1] MCLA 750.85; MSA 28.280.

[2] MCLA 750.338; MSA 28.570.

(Helzer) against challenges that the statutes are unconstitutionally vague.

Howell sought dismissal of an information charging him with assault with intent to commit the crime of gross indecency on the ground that the statute is unconstitutionally vague. The trial judge denied the motion.[3] The Court of Appeals denied an application for interlocutory appeal. The people contend that Howell forced the complainant into his automobile and transported her to a private home where he forced her to perform an act of fellatio.

Helzer was jury convicted on evidence that he had taken a 9-year old boy to a secluded place and there stroked his penis and performed fellatio upon him.

We affirm Helzer's conviction and remand Howell for trial.

I

A statute may be challenged for vagueness on three grounds:

1. It does not provide fair notice of the conduct proscribed.

2. It confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed.

3. Its coverage is overbroad and impinges on First Amendment freedoms.[4]

---

[3] The trial judge saw substance in the challenge but regarded it to be beyond her prerogative to grant the relief sought in face of decisions of the Court of Appeals.

[4] "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws

Neither Howell nor Helzer claim that the sexual conduct of which they are accused is constitutionally protected. Nor do they contend that the statutes are overbroad in that they cover conduct which the state cannot constitutionally proscribe.[5]

Howell and Helzer claim that the statutes fail to provide notice of what conduct is proscribed and fail to provide judges and jurors with standards to determine whether a crime has been committed.

At the outset we note that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. *United States v National Dairy Products Corp,* 372 US 29, 36; 83 S Ct 594; 9 L Ed 2d 561 (1963).

In deciding whether the term "act of gross indecency" is constitutionally vague as applied to forced fellatio or fellatio with a minor, it is appropriate to note that the statutes have long been applied in the courts of this state to acts of forced fellatio and fellatio with a minor. Viewed in that context[6] we conclude that while the term "act of gross indecency" standing alone fails to give ade-

may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' " (Footnotes omitted.) *Grayned v City of Rockford,* 408 US 104, 108–109; 92 S Ct 2294; 33 L Ed 2d 222 (1972).

[5] The question whether the state may proscribe sexual conduct between consenting adults in private is not before us.

[6] "When a state statute has been construed to forbid identifiable conduct so that 'interpretation [by the state court] puts these words in the statute as definitely as if it had been so amended by the legislature,' claims of impermissible vagueness must be judged in that light." *Wainwright v Stone,* 414 US 21, 23; 94 S Ct 190; 38 L Ed.2d 179 (1973).

quate notice of the conduct proscribed, neither Howell nor Helzer can be heard to say that they were not forewarned that the conduct they allegedly engaged in was subject to prosecution under the statutes. See *Rose v Locke,* 423 US 48; 96 S Ct 243; 46 L Ed 2d 185, 190 (1975).[7]

## II

Although the term "act of gross indecency" as applied by the Michigan courts gives adequate forewarning that forced fellatio and fellatio with a minor are proscribed, the construction given the term by the Court of Appeals vests unstructured discretion in the trier of fact to determine whether a crime has been committed.

In *People v Carey,* 217 Mich 601; 187 NW 261 (1922), this Court, in rejecting a challenge to the sufficiency of a gross indecency information on the ground it did not give the particulars of the act charged, referred to *People v Hicks,* 98 Mich 86, 90; 56 NW 1102 (1893), where "indecent and improper liberties with the person of such child" was defined as meaning "such liberties as the common sense of society would regard as indecent and improper". *Carey, supra,* p 603, indicated that a like approach is appropriate in gross indecency

---

[7] Defendant was convicted under a Tennessee statute proscribing "crimes against nature," upon a showing that he had forced a woman to submit to an act of cunnilingus. The United States Supreme Court held that the Tennessee statute was not unconstitutionally vague in terms of the fair warning requirement.

"[R]espondent can make no claim that § 39-707 [Tenn Code Ann (1955)] afforded no notice that his conduct might be within its scope. Other jurisdictions had already reasonably construed identical statutory language to apply to such acts. And given the Tennessee court's clear pronouncements that its statute was intended to effect broad coverage, there was nothing to indicate, clearly or otherwise, that respondent's acts were outside the scope of § 39-707." *Rose v Locke,* 423 US 48; 96 S Ct 243; 46 L Ed 2d 185, 190 (1975).

prosecutions: "The gross indecency of the subject forbids" description of the act charged.[8]

In *People v Dexter,* 6 Mich App 247, 253; 148 NW2d 915 (1967), the Court of Appeals, on the authority of the *Hicks-Carey* rationale, rejected the first appellate challenge to the gross indecency statute asserting unconstitutional vagueness: "Statutes of the indecent liberties or gross indecency type penalize 'conduct that is of such character that the common sense of society regards it as indecent and improper'. *People v Szymanski,* 321 Mich 248, 252 [32 NW2d 451] (1948). The gross indecency statute is not vague or bereft of guidelines."

While it no doubt would be the "common sense of society" to regard as "indecent and improper" the commission of an act of fellatio with a person under the age of consent or the forcible commission of such an act, there is no consensus regarding fellatio or other sexual acts between consenting adults in private. Some persons regard any ultimate sexual act other than intercourse between married persons for procreation as indecent and improper. However, a substantial segment of society believes it is neither indecent nor improper for consenting adults to engage in whatever sexual behavior they desire. Some would take that view only where the conduct is between persons of the opposite sex, while others would agree only if the persons were married.

There being no "common sense of society" re-

---

[8] "Such rule having been applied to indecent exposures, indecent liberties and obscene publications, how much rather then that it be applied to gross indecencies. The information in the language of the statute informed defendant of the crime for which he was to be tried. It should not state the evidence by which it is to be proved, nor should it describe the particular act charged. The gross indecency of the subject forbids it." *People v Carey,* 217 Mich 601, 603; 187 NW 261 (1922).

garding sexual behavior between consenting adults in private, that test leaves the trier of fact "free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case". *Giaccio v Pennsylvania,* 382 US 399, 402–403; 86 S Ct 518; 15 L Ed 2d 447 (1966). Accordingly, we reject the construction of the Court of Appeals in *Dexter*[9] and construe the term "act of gross indecency" to prohibit oral and manual sexual acts committed without consent or with a person under the age of consent or any ultimate sexual act committed in public.[10]

## III

Howell has not been tried. On remand, the issue will be whether he forcibly required another person to commit an act of fellatio.

## IV

In Helzer's case the jury was instructed without

---

[9] To the extent that *People v McCaleb,* 37 Mich App 502; 195 NW2d 17 (1972), *People v Ferguson,* 45 Mich App 697; 206 NW2d 812 (1973), and *People v Roy Edwards,* 58 Mich App 146; 227 NW2d 263 (1975), are inconsistent with this opinion, they are disapproved.

[10] This construction makes it unnecessary either to determine whether the Legislature may constitutionally proscribe sexual conduct between consenting adults in private or to make distinctions regarding such conduct between married persons, persons living with each other, dating couples, and between persons of the same sex.

Michigan recently enacted a criminal sexual conduct law (1974 PA 266; MCLA 750.520a, *et seq.;* MSA 28.788(1), *et seq.).* There is an overlap between the gross indecency statute (fn 2) and this enactment insofar as the new statute proscribes "sexual penetration" and "sexual contact" where (1) the victim is under 13 years of age; (2) the victim is between 13 and 16 and resides in the same household as the actor or is related by blood or affinity to the actor or the actor used a position of authority to coerce the victim to submit; (3) the conduct occurs under circumstances involving the commission of any other felony; or (4) force or coercion is used.

The statute at issue in *Howell* (assault with intent to commit certain crimes including gross indecency [fn 1]) was repealed by 1974 PA 266 effective November 1, 1974. The people allege that Howell committed the proscribed act on April 30, 1973.

objection that it should determine whether he had taken "indecent liberties with the private parts or the penis of" the boy.

While the instruction was imprecise in failing to highlight the need to determine that an oral or manual sexual act had been committed, it was, in light of the proofs and the factual issue thereby posed, minimally adequate. The jury no doubt understood that it could convict Helzer only if it found that he had committed the oral or manual sexual act related in the testimony.

Helzer cannot now complain that the jury was additionally instructed to determine whether the "common sense of society" would regard such conduct to be "improper or indecent". It is not contended that other persons charged with the commission of like acts with persons under the age of consent have been acquitted because the trier of fact concluded the common sense of society was not offended by such conduct. The standard applied to Helzer has, we are confident, been uniformly applied.

## V

We turn to the other issues raised by Helzer.

Even if the boy's parents are res gestae witnesses and Helzer's five-year-old stepson should also have been endorsed,[11] the failure to endorse them was apparent to Helzer's counsel who listed the boy's father as an alibi witness but did not call

[11] A witness need not have been present at the time the crime was committed to be a res gestae witness. *See People v Ake,* 362 Mich 134; 106 NW2d 800 (1961); *People v Kayne,* 268 Mich 186; 255 NW 758 (1934); *People v Etter,* 81 Mich 570; 45 NW 1109 (1890); *People v Dickinson,* 2 Mich App 646; 141 NW2d 360 (1966).

Arguably, the child should have been endorsed even though he might have been found incompetent to testify.

him to testify. Under the circumstances, the failure to endorse and call them is not reversible error.

## VI

The boy, who did not inform his parents of the incident until one month later, was unable to specify the exact date the offense was committed. He told authorities the act occurred: (1) about two weeks before the Rogers City Centennial (which began July 30, 1971); (2) on an afternoon when his parents drove a car on business across the Mackinac Bridge (one such date established was July 20, 1971); (3) on a week day. The information gave the date as "on or about July 27, 1971". The time period established at trial included the weekdays between July 18 and 29, 1971.

Helzer did not testify. He interposed an alibi defense and offered his employer's business and payroll records to establish that the steamship on which he was employed was in port in Indiana on July 20 and that he was on the payroll the other days during the two-week period preceding July 30.[12]

The trial judge gave the following instruction to the jury:

"Now, I further charge you this offense of gross indecency is one where the time of day the offense was committed is not of the essence. In other words, in this case where the offense was alleged to have occurred on or about the 27th day of July, 1971 should the proofs have shown any other possible date *as long as it is in the statute of limitations* under the offense charged and it is proven, if you find the offense of gross indecency

---

[12] The people established that Helzer's ship was in home port on several occasions during the two-week period and that Helzer was not necessarily on the ship at all times.

was in fact committed the date it was committed is not a material element of the offense." (Emphasis supplied.)[13]

The Code of Criminal Procedure provides that the information shall state "[t]he time of the offense as near as may be but no variance as to time shall be fatal unless time is of the essence of the offense".[14] The court may on motion require the prosecutor "to state the time or identify the occasion as nearly as the circumstances will permit, to enable the accused to meet the charge".[15] Helzer made no such motion.

Helzer disclaims assertion of error based on the variance between the time stated in the information ("on or about July 27") and the prosecutor's proofs which tended to show that the offense was committed some time between July 18 and July 29.

Helzer focuses instead on the variance between the time period established at trial and the time period submitted to the jury. The jury was told it could convict if it found the alleged offense was committed any time within the statute of limita-

---

[13] The instruction requested by the prosecutor which the judge said he would give differed from the instruction as reported by the stenographer in the following material respects: "time of day" was "time or day"; "under the offense charged and it is proven" was "then the offense charged can be regarded as proven"; "if you find * * * " began a new sentence.

The Court of Appeals reversed on the ground that the jury should have been instructed to confine its deliberations to a time period supported by the record (July 18–29), and should not have been permitted to consider any time within the statute of limitations.

Judge Brennan in dissent said that in a sex offense case involving a young child the prosecution should not be bound to prove that the act was committed on a certain date because of the difficulty children usually have remembering precise dates. The critical questions are whether an offense was committed, and, if so, whether defendant was the actor.

[14] MCLA 767.45(2); MSA 28.985.

[15] MCLA 767.51; MSA 28.991.

tions. Helzer asserts that when the defense is alibi, the jury must be instructed to consider only the time period established by the proofs.

Without regard to whether an alibi defense has been interposed, a defendant is entitled to an instruction confining the jury to the time, date or period established by the evidence. See *People v Coston,* 187 Mich 538, 547; 153 NW 831 (1915); *People v Swift,* 172 Mich 473, 488; 138 NW 662 (1912); *People v King,* 365 Mich 543; 114 NW2d 219 (1962); *People v Jenness,* 5 Mich 305, 310, 329 (1858).

The instruction given in this case, while erroneous, did not mislead the jury in advising it that time is not of the essence of the offense of gross indecency, that the date the offense was committed is not a material element of the crime,[16] and that the jury may convict if it finds that the offense was committed within the statute of limitations.

This was not a case like *Jenness* or *Coston* where the prosecutor introduced evidence of other acts of sexual conduct between the defendant and the person with whom it was charged he had committed a certain sexual act; where the prosecutor proves more than one sexual act it is essential that the judge confine the jury, when instructing it, to the act charged.

Only a single incident was alleged and shown between Helzer and the boy. The boy testified that he had met Helzer only "a few days" before the incident. Children often have difficulty in remembering precise dates. Under these circumstances, failure expressly to confine the jury to the act

---

[16] *Compare People v Lenkevich,* 394 Mich 117, 123; 229 NW2d 298 (1975), where this Court reiterated the well-settled rule that an erroneous instruction on a material matter that is not corrected or cured in the charge is prejudicial. *See People v Kanar,* 314 Mich 242; 22 NW2d 359 (1946).

charged could not have resulted in conviction for another act.[17]

## VII

The prosecutor stated in closing argument: "it makes no difference really as to the particular day this offense occurred as long as you are convinced in fact these acts did occur on a particular day down at Swan River. If you are convinced this offense and these acts were committed by Mr. Helzer and this young boy the particular day is not a matter of essence part of this offense."

Under the circumstance that only one act was charged and shown, the statement relied on by Helzer in *People v Ayers,* 182 Mich 241, 244; 148 NW 383 (1914), " * * * having once identified and selected a particular transaction, the prosecution must then stand or fall by the election," is inapposite.

Helzer's conviction is affirmed.

Howell is remanded for trial.

KAVANAGH, C. J., and WILLIAMS, J., concurred with LEVIN, J.

The undersigned concur in this opinion with the exception of section II:

COLEMAN and FITZGERALD, JJ.; LINDEMER, J., as to Helzer only.

RYAN, J., took no part in the decision of this case.

---

[17] Our affirmance of Helzer's conviction is without prejudice to his filing a delayed motion for a new trial. *See People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).