## PEOPLE v CUMPER

Docket No. 77-2267. Submitted March 7, 1978, at Lansing.—Decided
    May 22, 1978. Leave to appeal applied for.

Phillip Cumper, Homer Johnson, Linda Jones, Robert Jones,
    Charles Napier, John Rozmus, and Brian Swarthout were
    convicted in district court of attending, being parties to, or
    spectators at, a fight or baiting between dogs. Their conviction
    was affirmed by the Oakland Circuit Court, Arthur E. Moore, J.
    Application for leave to appeal was denied by the Court of
    Appeals, but the Supreme Court remanded for consideration as
    on leave granted, 400 Mich 826 (1977). Defendants allege that
    the statute imposing criminal sanction on spectators was im-
    permissibly vague and overbroad and that the evidence for
    conviction was insufficient. *Held:*

    1. A statute proscribing the attendance as a spectator at any
fighting or baiting of a dog, or other animal kept for that
purpose provides fair notice of the conduct proscribed and is
not unconstitutionally vague or overbroad.

    2. The evidence submitted justified the jury's verdict.

    Affirmed.

1. CONSTITUTIONAL LAW—STATUTES—CRIMINAL LAW—VAGUENESS—
    OVERBREADTH.

    A statute punishing the attendance as a spectator of a fighting,
baiting or shooting of any bear, dog, cock or other animal, or
fowl or bird kept for that purpose, except English sparrows and
pigeons provides fair notice of the conduct proscribed; it is not
vague, overbroad or unconstitutional (MCL 750.49; MSA
28.244).

2. CRIMINAL LAW—DUE PROCESS—STATUTES—VAGUENESS.

    A criminal statute may be challenged for vagueness on three

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 16 Am Jur 2d, Constitutional Law § 552.
   21 Am Jur 2d, Criminal Law § 17.
   Criminal law—sufficiency of penal statute. 70 L Ed 322.
   Illustrations as to when statute defining criminal offense is subject
     to attack as vague, indefinite, or uncertain. 83 L Ed 893.

grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) its coverage is overbroad and impinges on First Amendment freedoms.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Appellate Counsel, for the people.

*Faintuck, Shwedel, Roether, Wolfram, McDonald & Zipser,* for defendants on appeal.

Before: DANHOF, C. J., and D. E. HOLBROOK, JR., and S. EVERETT,* JJ.

S. EVERETT, J. The defendants were convicted by a jury of attending, being parties to, or spectators at, a fight or baiting between dogs, under a charge brought pursuant to MCL 750.49; MSA 28.244. Their conviction took place in the 52nd District Court, 2nd Division, and was affirmed on appeal to the Oakland County Circuit Court. Application for leave to appeal to this Court was denied on January 21, 1977, but the case was remanded by the Supreme Court for consideration as on leave granted. *People v Cumper,* 400 Mich 826 (1977).

The defendants raise two issues, first claiming that the portion of the statute which imposes criminal sanction on persons who were spectators was impermissibly vague and unconstitutionally overbroad. They also claim that there was insufficient evidence in the record from which a jury could reasonably find them guilty beyond a reasonable doubt.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

At the trial, a police officer testified that on October 12, 1975, he entered a building in the Village of Holly, Oakland County, and discovered in it a wooden structure, which he referred to as an arena, together with a number of people. One of the defendants, a Robert Harvey Jones, was holding a dog in one corner of the arena and another, Phillip Charles Cumper, held a dog in another portion. As the officer entered, Cumper threw the animal over the railing to the defendant, Brian Swarthout. The officer testified there was considerable blood in the area and the Cumper's shirt "was heavily saturated with a red type substance". The dog which Cumper had held had a wound in the chest area and a red substance around his nose and mouth. He testified that the other defendants, Linda Ann Jones, Charles Tyrone Napier and John Carl Rozmus, were present. The seventh defendant, Homer Arnold Johnson, had started to leave the building at the time the officer had entered. Stains taken from the area and on a shirt were identified as dog blood. In or near the arena were two hammer handles that had been sharpened.

There was testimony that at least two of the defendants, Cumper and Swarthout, had gone to a store in Flint and had purchased indoor-outdoor carpeting to be used in the arena at Holly. The salesman testified that they told him that they intended to have dog fights at Holly. A doctor of veterinary medicine testified that the dogs were Staffordshire Terriers. He also testified that this breed of dogs was normally not harmful to humans, but was very aggressive toward other dogs. Two of the dogs involved had cropped ears and he stated this was commonly done to prospective fighting dogs.

In passing on the first claim the statute must be considered in its entirety. It reads as follows:

"Any person who shall keep or use any bull, bear, dog, cock, or other animal or fowl or bird, except English sparrows and pigeons, for the purpose of fighting, baiting or as a target to be shot at, as a test of skill in marksmanship; and any person who shall be a party to or be present as a spectator at any such fighting, baiting or shooting of any bear, dog, cock or other animal, or fowl or bird, except English sparrows and pigeons, and any person who shall rent any building, shed, room, yard, ground or premises, for the purpose of fighting, baiting or shooting any animal, fowl or bird, except English sparrows and pigeons, as aforesaid, or shall knowingly suffer or permit the use of any building, shed, room, yard, ground or premises belonging to him or under his control, for either or any of the purposes aforesaid, shall be guilty of a misdemeanor: Provided, That no bounty shall be paid for any English sparrow that may be killed when used as a target or to be shot as a test of skill in marksmanship: Provided further, That it shall not be lawful for any person or persons to engage in the propagation of English sparrows for the purpose allowed in this section, or for any other purpose." MCL 750.49; MSA 28.244 prior to amendment, 1976 PA 392, eff Mar 31, 1977.

The defendants make no claim that the statute, in general, is unconstitutional, suggesting that that part referring to persons who are present as spectators is.

"A statute may be challenged for vagueness on three grounds:
1. It does not provide fair notice of the conduct proscribed.
2. It confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed.
3. Its coverage is overbroad and impinges on First

Amendment freedoms." *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976).

It is apparent that the statute does not punish the witnessing of a dogfight per se. It punishes attendance as a spectator at an event legitimately prohibited by law. It is neither vague nor overbroad. The accused had fair notice of the conduct proscribed.

As to defendants' second contention, the evidence submitted justified the jury's verdict.

Affirmed.