## PEOPLE v BATTLES #1

Docket No. 51416. Submitted May 5, 1981, at Detroit.—Decided September 10, 1981. Leave to appeal denied, 412 Mich 887.

Raymond J. Battles was convicted of possession of a "billy" in Wayne Circuit Court, Joseph G. Rashid, J. The billy in question is carved or stamped with the inscription "J. T. Fisherman's Quality Handy Fish Billy". The defendant testified that he used the billy for fishing purposes. The defendant appeals. *Held:*

Because the term "billy" is not defined by the statute prohibiting the possession of a billy and because reasonable citizens may purchase and use such implements in sport fishing, totally innocent of any wrongful knowledge or intent, the lack of specificity in the statute makes the law unconstitutionally overbroad as applied to the defendant.

Reversed.

1. CONSTITUTIONAL LAW — VAGUENESS — OVERBREADTH.

Constitutional challenges of a statutory provision for vagueness or overbreadth, where the claim does not touch the First Amendment, must be examined in the light of the facts at hand.

2. WEAPONS — BILLIES — STATUTES.

Possession of a "fish billy" commercially sold and used as such is not within the ambit of the statute prohibiting the possession of a blackjack, billy, sand club, or bludgeon (MCL 750.224[1]; MSA 28.421[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 15-17.

73 Am Jur 2d, Statutes § 346.

Indefiniteness of langugage as affecting validity of criminal legislation—Supreme Court cases. 96 L Ed 374.

[2] 79 Am Jur 2d, Weapons and Firearms § 7 *et seq.*

cipal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Gail Rodwan,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

J. L. BANKS, J. Defendant was charged with possession of a "billy" in violation of MCL 750.224(1); MSA 28.421(1). In a jury trial, he was found guilty as charged and sentenced to serve from two to five years imprisonment. We hold that the statute, as applied to a "J. T. Fisherman's Quality Handy Fish Billy", is unconstitutionally overbroad and vacate defendant's conviction.

Defendant was stopped early in the morning by Wayne County Sheriff's deputies after a traffic infraction. When officers observed a club plainly visible in the backseat of defendant's automobile, defendant was arrested. The object in question is carved or stamped with the inscription "J. T. Fisherman's Quality Handy Fish Billy". The billy is described as about 30 inches in length.

The officers who made the arrest testified that there were differences between nightsticks, blackjacks and billy clubs. A nightstick or a riot stick is about 36 inches long and is carried on a cord or a string. A blackjack is approximately one foot long and flat in shape and is carried in the pocket. A billy club is about two and one-half feet in length and is made of wood. The officers also noted that the trunk of defendant's car was opened voluntarily at their request and that it

---

* Circuit judge, sitting on the Court of Appeals by assignment.

contained a fisherman's tackle box, two fishing rods and an amount of unspecified clothing.

The defendant testified that he fishes regularly for large fish, such as pike, "muskie" and salmon, and that he had purchased the club at a tackle shop in Taylor, Michigan, four years previously, paying $1.98 for it. Defendant told the jury that he had used the instrument on numerous occasions and gave, as an example, the time that he caught a large pike and the lure became stuck in the fish's mouth. Defendant hit the fish on the head with the club, stunning it, and was then able to extract the lure without being bitten.

Battles also testified that he always carried the fishing gear in his car because, "I might just stop anywhere and want to fish", and that he had, in fact, been fishing on the day prior to his arrest. On cross-examination, defendant admitted that the club, though designed as a fisherman's tool, could easily be used as a weapon, but that a baseball bat or pool cue-stick could be put to use as a weapon as well.

The prosecutor closed his argument to the jury, misstating the law by telling the jury that he only had to prove that the object was a billy and that the defendant possessed it. Moreover, the prosecutor improperly argued to the jury that the law proscribed mere possession of this device, whether it was used for fishing or any other purpose.

We note, however, that the trial judge properly instructed the jury in accordance with Michigan Standard Criminal Jury Instruction 11:8:01. He told the jury that a defendant charged with possession of a billy must knowingly possess it with knowledge of its real character as a weapon.

At issue is the reach of MCL 750.224(1); MSA 28.421(1), which reads:

"(1) A person who shall manufacture, sell, offer for sale, or possess a machine gun or firearm which shoots or is designed to shoot automatically more than 1 shot without manual reloading, by a single function of the trigger, a muffler, silencer, or device for deadening or muffling the sound of a discharged firearm, a bomb or bomb shell, blackjack, slung shot, billy, metallic knuckles, sand club, sand bag, bludgeon, or a gas ejecting device, weapon, cartridge, container, or contrivance designed or equipped for or capable of ejecting gas which will either temporarily or permanently disable, incapacitate, injure or harm a person with whom it comes in contact, shall be guilty of a felony, and shall be imprisoned for not more than 5 years, or be fined not more than $2,500.00, or both."

Constitutional challenges for vagueness or overbreadth, where the claim does not touch the First Amendment, must be examined in the light of the facts at hand. *United States v National Dairy Products Corp,* 372 US 29, 36; 83 S Ct 594; 9 L Ed 2d 561 (1963), *People v Howell,* 396 Mich 16, 21; 238 NW2d 148 (1976), *People v Lynch,* 410 Mich 343, 352; 301 NW2d 796 (1981).

With this guide before us, we hold that the portion of the statute prohibiting the manufacture, sale, offering for sale, or possession of a "billy", as applied to these facts, is unconstitutionally overbroad, proscribing conduct which is otherwise wholly innocent. Possession of a "fish billy", commercially sold and used as such is not within the ambit of the statute. Because the term "billy" is not defined by the statute, and because reasonable citizens may purchase and use such implements in sport fishing, totally innocent of any wrongful knowledge or intent, the lack of specificity in the statute makes the law unconstitutionally overbroad as applied to this defendant.

Reversed.