PLYMOUTH CHARTER TOWNSHIP v HANCOCK

Docket No. 201012. Submitted April 7, 1999, at Detroit. Decided June 11, 1999, at 9:20 A.M.

Paul Hancock was charged in the 35th District Court with twice violating a Plymouth Charter Township ordinance that makes it unlawful for a person to disturb the public peace and quiet by, among other things, "shouting, whistling, loud, boisterous, or vulgar conduct . . . so as to unreasonably annoy or disturb the quiet, comfort and repose of persons in the vicinity" for allegedly directing profane insults at his neighbor. The court, Ronald W. Lowe, J., dismissed the charges, ruling that the ordinance is unconstitutionally vague. The Wayne Circuit Court, Jeanne Stempien, J., affirmed the district court's ruling and additionally ruled that the ordinance is overbroad and impinges on First Amendment freedoms. The people appealed by leave granted.

The Court of Appeals *held*:

1. The ordinance is not vague. The use of a reasonable person standard in the ordinance serves to provide fair notice of the type of conduct prohibited and to prevent any ad hoc and subjective application of the ordinance by those empowered to enforce it.

2. The ordinance is not overbroad. The use of a reasonable person standard in the ordinance limits the scope of the ordinance so that it does not, on its face, substantially endanger speech protected by the First Amendment.

Reversed and remanded for further proceedings.

1. CONSTITUTIONAL LAW — ORDINANCES — VAGUENESS.

An ordinance is unconstitutionally vague if it does not provide fair notice of the type of conduct prohibited or encourages subjective and discriminatory application by delegating to those empowered to enforce the ordinance the unfettered discretion to determine whether the ordinance has been violated.

2. CONSTITUTIONAL LAW — ORDINANCES — OVERBREADTH.

A court, when considering whether an ordinance is overbroad, should consider the realistic potential of the ordinance to chill speech protected by the First Amendment.

*Hemming, Polaczyk & Cronin* (by *Timothy L. Cronin*), for the people.

*Andrew Nickelhoff*, for the defendant.

Before: HOOD, P.J., and HOLBROOK, JR., and WHITBECK, JJ.

PER CURIAM. The people appeal by leave granted an order of the circuit court affirming the dismissal of the charges against defendant based on a finding that Charter Township of Plymouth Ordinance § 51.125 (hereinafter § 51.125) was unconstitutional. We reverse and remand.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant allegedly on two separate occasions directed a profane barrage of insults at his neighbor, the complaining witness, while she was in the yard of her home. The people assert that these insults were overheard by others in the vicinity. Defendant was charged with violating § 51.125, which provides:

> It shall be unlawful for a person to disturb the public peace and quiet by shouting, whistling, loud, boisterous, or vulgar conduct, the playing of musical instruments, phonographs, radios, televisions, tapeplayers or any other means of amplification at any time or place so as to unreasonably annoy or disturb the quiet, comfort and repose of persons in the vicinity.

Defendant filed a motion in the district court to dismiss the charges, arguing in part that § 51.125 is unconstitutionally vague and overbroad. Citing *People v Howell*, 396 Mich 16; 238 NW2d 148 (1976), the district court dismissed the charges, concluding that § 51.125 was unconstitutionally vague because the

language of the ordinance did not provide any clear standards to enable law enforcement to distinguish between lawful and unlawful conduct.[1] The people's appeal was rejected by the Wayne Circuit Court. In addition to affirming the district court's analysis, the circuit court found that § 51.125 violated the third prong of the *Howell* test.

## II. CONSTITUTIONAL CHALLENGES

The people argue that both lower courts erred in ruling that § 51.125 did not contain sufficient guidelines to govern enforcement, and that the circuit court erred in ruling that the ordinance was also overbroad. This Court reviews the constitutionality of an ordinance de novo. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998); *Bell River Associates v China Charter Twp*, 223 Mich App 124, 129; 565 NW2d 695 (1997). "The rules governing the construction of statutes apply with equal force to the interpretation of municipal ordinances." *Gora v City of Ferndale*, 456 Mich 704, 711; 576 NW2d 141 (1998). An ordinance is presumed to be constitutional and will be so construed unless the party challenging the statute clearly establishes its unconstitutionality. *Id.* at 711-712; *People v Jensen (On Remand)*, 231 Mich App 439, 444; 586 NW2d 748 (1998).

Although both the void-for-vagueness and overbreadth doctrines are concerned with curbing arbi-

---

[1] The *Howell* Court stated that a statute is unconstitutionally vague if: "1. It does not provide fair notice of the conduct proscribed[;] 2. [i]t confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed.[; and] 3. [i]ts coverage is overbroad and impinges on First Amendment freedoms." *Id.* at 20. The district court limited its analysis to the second prong of the *Howell* test.

trary and discriminatory enforcement, they are none-theless distinct jurisprudential concepts. Compare *Kolender v Lawson*, 461 US 352, 357-362; 103 S Ct 1855; 75 L Ed 2d 903 (1983), with *Maryland Secretary of State v Joseph H Munson Co, Inc*, 467 US 947, 964-970; 104 S Ct 2839; 81 L Ed 2d 786 (1984). When freedom of speech is implicated, the doctrines even more closely parallel each other, given that each is also concerned with the possibility that a statute or ordinance might impermissibly chill the freedom of expression. *Grayned v City of Rockford*, 408 US 104, 108-109; 92 S Ct 2294; 33 L Ed 2d 222 (1972); Tribe, American Constitutional Law, § 12-31, p 1035 (2d ed, 1988). These similarities have led courts of this state to speak of the doctrines in the same breath. See, e.g., *People v Lino*, 447 Mich 567, 575-576; 527 NW2d 434 (1994); *Howell, supra* at 20; *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998). However, our courts have also adhered to the traditional distinction when applying the doctrines. See, e.g., *People v Morey*, 230 Mich App 152, 163-164; 583 NW2d 907 (1998). In this opinion, in order to prevent confusion, we have chosen to separate overbreadth from void-for-vagueness in both our articulation and application of the relevant rules of law.

### A. VAGUENESS

An ordinance is unconstitutionally vague if it (1) does not provide fair notice of the type of conduct prohibited or (2) encourages subjective and discriminatory application by delegating to those empowered to enforce the ordinance the unfettered discretion to determine whether the ordinance has been violated.

*Kolender, supra* at 352; *Grayned, supra* at 108-109; *Lino, supra* at 575-576; *Vronko, supra* at 652.

The people argue the use of the reasonable person standard in the ordinance saves the ordinance from being impermissibly vague. We agree. The ordinance plainly states that the type of conduct that is prohibited is that which tends "to *unreasonably* annoy or disturb the quiet, comfort and repose of persons in the vicinity." (Emphasis added.) The reasonable person standard is a hallmark of the Anglo-American legal system. See, e.g., US Const, Am IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."); 2 Restatement of Torts, 2d, § 283, p 12 ("Unless the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like circumstances."). We believe the reasonable person standard serves to provide fair notice of the type of conduct prohibited, as well as preventing abuses in application of the ordinance. See *Lansing v Hartsuff,* 213 Mich App 338, 346-347; 539 NW2d 781 (1995); [2] *City of Madison v Baumann,* 162 Wis 2d 660, 683; 470 NW2d

---

[2] We reject defendant's assertion that the reasonable person standard does not vitiate the constitutional infirmity of the term "annoy." It is true that the United States Supreme Court concluded in *Coates v Cincinnati,* 402 US 611, 614; 91 S Ct 1686; 29 L Ed 2d 214 (1971), that an ordinance proscribing conduct that was "annoying to passers by" was unconstitutionally vague. We note, however, that the *Coates* Court found it significant that the state court's construction of the ordinance did not include a reasonable man standard. *Id.* at 613. Further, we note that the Court concluded in *Cameron v Johnson,* 390 US 611, 616; 88 S Ct 1335; 20 L Ed 2d 182 (1968), that a statute prohibiting picketing "clearly and precisely delineate[d] its reach in words of common understanding" in part because it employed the "widely used and well understood" term *reasonably* when proscribing the conduct. See also *Chaplinsky v New Hampshire,* 315 US 568, 573; 62 S Ct 766; 86 L Ed 1031 (1942).

296 (1991); *Earley v State*, 789 P2d 374, 376, n 2 (Alas App, 1990). The reasonable person standard assures that "the person of ordinary intelligence [has] a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned, supra* at 108. It also serves to prevent any ad hoc and subjective application by police officers, judges, juries, or others empowered to enforce § 51.125. *Grayned, supra* at 109.

### B. OVERBREADTH

The people also argue that the circuit court erred in holding that the ordinance was unconstitutionally overbroad. Again, we agree. The overbreadth doctrine finds its genesis in *Thornhill v Alabama*, 310 US 88; 60 S Ct 736; 84 L Ed 2d 1093 (1940). When considering whether an ordinance is overbroad, a court should consider the realistic potential of the ordinance to chill constitutionally protected speech. See *City Council of Los Angeles v Taxpayers for Vincent*, 466 US 789, 799-801; 104 S Ct 2118; 80 L Ed 2d 772 (1984). "In short, there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Id.* at 801. Accord *Broadrick v Oklahoma*, 413 US 601, 615; 93 S Ct 2908; 37 L Ed 2d 830 (1973) ("[P]articularly where conduct and not merely speech is involved, . . . the overbreadth of a statute must not only be real, but substantial as well . . . .").

We believe that the reasonable person standard limits the scope of this content-neutral ordinance[3] so that it does not, on its face, substantially endanger constitutionally protected speech. We presume that a reasonable person would understand that the ordinance does not reach constitutionally protected speech. In other words, the reasonable person standard effectively precludes application of the ordinance "to speech, although vulgar and offensive, that is protected by the First and Fourteenth Amendments." *Lewis v New Orleans*, 415 US 130, 134; 94 S Ct 970; 39 L Ed 2d 214 (1974). Therefore, we conclude that the ordinance, which serves the legitimate and significant governmental interest of preserving the peace and quiet of the township, see *Ward v Rock Against Racism*, 491 US 781, 796; 109 S Ct 2746; 105 L Ed 2d 661 (1989); *Kovacs v Cooper*, 336 US 77, 86-88; 69 S Ct 448; 93 L Ed 513 (1949), is not unconstitutionally overbroad. Given our resolution of the constitutional challenges, we need not address the other assertions of error raised by the people.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3] Because the ordinance does not attempt to regulate speech on the basis of its message, we conclude that the ordinance is content-neutral. *Clark v Community for Creative Non-Violence*, 468 US 288, 293; 104 S Ct 3065; 82 L Ed 2d 221 (1984) (observing that a content-neutral restriction is one that is "justified without reference to the content of the regulated speech").