GREGG v. GOODSELL.

1. WITNESSES—OPPOSITE PARTY—EVIDENCE.

A party litigant who calls the opposite party for cross-examination under the statute is bound by the testimony elicited unless such testimony is contradicted by other proofs or is inherently improbable or incredible (CL 1948, § 617.66).

2. AUTOMOBILES—INTERSECTIONS—NEGLIGENCE—STOPPING—OBSERVATIONS.

Finding of trial judge in nonjury case that eastbound defendant motorist was negligent in failing to stop pursuant to stop sign and in failing to keep a reasonable and proper outlook for traffic as he undertook to cross intersection where front of his car collided with left side of plaintiff's northbound car *held*, fully justified under defendant's own testimony.

3. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—STOPPING—EVIDENCE.

Trial court's finding that northbound plaintiff motorist was not guilty of contributory negligence, made in nonjury case arising out of collision with eastbound defendant's car at an intersection at which defendant's car was required to stop *held*, not against the preponderance of the evidence on such issue of fact, where plaintiff claimed he was unable to see defendant approach the corner and had he seen him, he might properly assume that defendant would stop before entering the intersection.

Appeal from Ingham; Coash (Louis E.), J. Submitted January 2, 1962. (Docket No. 9, Calendar No. 49,221.) Decided March 16, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 796.
[2, 3] 5A Am Jur, Automobiles and Highway Traffic § 311 *et seq.*; § 713.

Case by Frank J. Gregg against Carlton J. Goodsell for personal injuries sustained in automobile collision. Judgment for plaintiff. Defendant appeals. Affirmed.

*Rapaport, Siegrist, Miatech & Edgar (Robert A. Siegrist, of counsel), for plaintiff.*

*Warner, Hart & Warner, for defendant.*

CARR, J. This case has resulted from an intersection collision between cars owned and operated by the respective parties to the action, and the questions involved are primarily factual in nature. Said accident occurred on July 26, 1958, at approximately 1:30 in the afternoon. At the time plaintiff was operating his Studebaker automobile in a northerly direction on Wood street in Clinton county, while defendant was driving his Ford car easterly on Stoll road. The intersection of said highways is in proximity to the northern limits of the city of Lansing. It is conceded that at the southwest corner of the intersection there was a stop sign controlling eastbound traffic on Stoll road.

As a result of the collision plaintiff's automobile was forced from the road and overturned, and plaintiff sustained physical injuries for which he sought in the instant case to recover damages on the theory that the cause of the accident was negligence on the part of defendant. Plaintiff alleged in his declaration that defendant failed to heed the stop sign in question, that he also failed to yield the right-of-way to plaintiff, and that he neglected to make reasonable and proper observations with reference to oncoming traffic. Defendant by answer denied the allegations of negligence on his part, and alleged affirmatively that plaintiff was guilty of contributory negligence by reason of his failure to exercise due

care and caution in the operation of his automobile as he approached the intersection, and in driving at a high rate of speed. The case was tried before the circuit judge on the issues framed by the pleadings, and the questions of negligence and contributory negligence were determined in favor of the plaintiff. Judgment was entered in the sum of $6,500, and defendant has appealed.

In his opinion the circuit judge indicated his conclusion that defendant had failed to maintain a reasonable outlook for traffic at the intersection as he undertook to cross Wood street, and further concluded that the testimony showed a failure on defendant's part to obey the stop sign. On behalf of appellant it is contended that the latter finding was erroneous. On the trial of the case plaintiff's counsel called defendant for cross-examination under the statute.* Defendant claimed in substance that as he approached Wood street on Stoll road he saw plaintiff's car coming from the south, and that in obedience to the sign he brought his automobile to a complete stop approximately 1 or 2 feet from the edge of the blacktop on Wood street. He further claimed that having made such stop he started his car, looked to the north, saw no traffic approaching, and attempted to cross the intersection at a speed of from 3 to 4 miles per hour. His answers on the witness stand indicated his claim that the front of his automobile was struck by the left front corner of plaintiff's car, with the result above indicated.

On behalf of appellant it is contended in substance that plaintiff, having called defendant for cross-examination, was bound by the testimony given and, in consequence, that it was established as a matter of fact that defendant had stopped his automobile before attempting to cross Wood street. This Court

* CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

has recognized in a number of decisions that a party litigant calling the opposite party for cross-examination under the statute is bound by the testimony elicited unless such testimony is contradicted by other proofs or is inherently improbable or incredible. In the case at bar defendant's testimony that he stopped within a foot or 2 of the edge of the pavement on Wood street, and then proceeded at a rate of 3 or 4 miles per hour is at variance with the testimony of plaintiff who as a witness in his own behalf claimed that his view of approaching traffic on Stoll road was obscured, that when he first noticed defendant's car it was "coming fast", and that he had no opportunity to avoid the impact. Plaintiff's testimony with reference to the approach of defendant's car was corroborated by his wife who was a passenger in his automobile at the time of the collision.

The result of the impact between the automobiles is also not consistent with defendant's claim as to the rate of speed at which he was attempting to pass through the intersection. As before noted, plaintiff's Studebaker car was forced off the road and was overturned. It may also be noted that pictures of the 2 cars taken following the accident were introduced in evidence. Such exhibits indicated clearly that the damage to plaintiff's automobile was on the left side in proximity to the car doors. Likewise, an exhibit showing the condition of defendant's automobile, which appears in the record before us, indicates that the damage thereto was to the front of the Ford. The exhibits considered together and in connection with the results of the impact suggest that the car of defendant struck plaintiff's automobile a forcible blow.

It is apparent that the trial judge, considering all of the proofs before him, reached the conclusion that defendant's claim that he stopped before attempting to cross the pavement and then proceeded very

slowly was contradicted by the testimony of the plaintiff and his witness, as well as by evidence of the physical facts. Under the record before us the rule for which counsel for appellant contend is not applicable. The finding of the trial judge that defendant failed to stop is supported by the record, and the further conclusion that defendant was guilty of negligence in failing to keep a reasonable and proper outlook for other traffic as he undertook to cross the intersection was fully justified under his own testimony.

This brings us to a consideration of the question whether defendant established that plaintiff was guilty of contributory negligence. Apparently the argument of counsel for appellant in this respect is predicated on the theory that plaintiff should have seen defendant's automobile approaching the intersection, should have assumed that it would not stop in obedience to the sign, and that in the exercise of due and proper care for his own safety plaintiff should have accorded defendant the right-of-way. It was in substance plaintiff's testimony that as he approached the intersection he could not see the vehicle coming from the west. Had he seen it he might properly have assumed that it would stop before entering the intersection. He was not compelled to anticipate the presence of a vehicle whose driver would fail to exercise proper care in its operation. Under the circumstances of the case the questions of negligence and contributory negligence were for determination by the trier of the facts. *Baker* v. *Gushwa,* 354 Mich 241. We do not find that the conclusions reached on the issues involved were at variance with a preponderance of the evidence.

The judgment is affirmed.

DETHMERS, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.