PEOPLE v F P BOOKS AND NEWS, INC (ON REMAND)

Docket No. 178096. Submitted August 31, 1994, at Lansing. Decided April 21, 1995, at 11:05 A.M. Leave to appeal sought.

F.P. Books and News, Inc., James J. Olsafsky, and Harold Mohamed were charged in the 51th District Court, Robert Carr, J., with several counts of first-degree obscenity. The court dismissed the charges after finding that the criminal obscenity act, MCL 752.361 *et seq.*; MSA 28.579(361) *et seq.*, before its amendment by 1992 PA 216, was unconstitutionally overbroad. The prosecution appealed, and the Oakland Circuit Court, Edward Sosnick, J., affirmed. The prosecution appealed by leave granted, and the Court of Appeals, CAVANAGH, P.J., and BRENNAN and R. A. BENSON, JJ., affirmed, finding that because the matter was dismissed and not pending on the date that the amended statute became effective, the matter was moot. 206 Mich App 78 (1994). The prosecution sought leave to appeal, and the Supreme Court reversed the judgment of the Court of Appeals and remanded the matter for consideration of the merits. 446 Mich 869 (1994).

On remand, the Court of Appeals *held:*

1. MCL 752.365(1); MSA 28.579(365)(1) defined first-degree obscenity as the dissemination or possession with intent to disseminate obscene material, knowing the content and character of the material. MCL 752.362(3); MSA 28.579(362)(3) defined "knowledge of content and character" as "general knowledge or reason to know, or a belief or ground for a belief which warrants further inspection or inquiry, of the nature and character of the material involved." That language is sufficient to satisfy the scienter requirement necessary to have an enforceable obscenity statute.

2. The provision of MCL 752.362(3); MSA 28.579(362)(3) that a person "has such knowledge when he or she knows or is aware that the material contains, depicts, or describes sexual conduct whether or not such person has precise knowledge of the specific contents of the material" creates an impermissible

REFERENCES
Am Jur 2d, Lewdness, Indecency, and Obscenity § 10.
See ALR Index under Lewdness, Indecency, and Obscenity.

presumption that a person who knows or is aware of the material that contains, depicts, or describes sexual conduct is also aware of the nature and character of the material. However, this unconstitutional provision can be severed from the remainder of the statute, and, without that impermissible presumption, the statute was constitutional. Accordingly, the charges of first-degree obscenity must be reinstated.

Reversed and remanded.

OBSCENITY — FIRST-DEGREE OBSCENITY — SCIENTER — PRESUMPTIONS — SEVERABILITY.

The criminal obscenity statute before its amendment by 1991 PA 216 satisfies the scienter requirement necessary to have a constitutionally valid statute; however, the statute contained an impermissible presumption that knowledge that material contained, depicted, or described sexual conduct constituted knowledge of the nature and character of the material; because the language containing the impermissible presumption is severable from the remainder of the statute, the statute without that presumption was constitutional (MCL 752.362[3], 752.365[1]; MSA 28.579[362][3], 28.579[365][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Rubin & Rubin* (by *Carl L. Rubin*), for the defendant.

ON REMAND

Before: CAVANAGH, P.J., and BRENNAN and SAWYER, JJ.

PER CURIAM. Defendants were charged with several counts of first-degree obscenity, MCL 752.365; MSA 28.579(365). However, these criminal charges subsequently were dismissed by the trial court on the basis of its finding that the Michigan criminal obscenity statute, MCL 752.361 *et seq.*; MSA

28.579(361) *et seq.*, was unconstitutionally over-broad. The people appealed, and the trial court's decision was affirmed by the Oakland Circuit Court. The people appealed to this Court, and we affirmed.[1] On August 24, 1994, however, the Michigan Supreme Court reversed the judgment of this Court and remanded the case to this Court for consideration of the merits of the people's application for leave to appeal.[2] We reverse and remand.

The sole issue on appeal is whether the Michigan obscenity statute is constitutionally valid and enforceable. The people contend that the statute is constitutional and, consequently, request that this Court remand this case for reinstatement of the first-degree obscenity charges. At the time of the alleged offenses, MCL 752.365; MSA 28.579(365) stated in pertinent part:

> A person is guilty of obscenity in the first degree when, knowing the content and character of the material, the person disseminates, or possesses with intent to disseminate, any obscene material if dissemination of obscene material is a predominant and regular part of the person's business at a particular theater, store, warehouse, or other establishment and if obscene materials are a principal or substantial part of the stock in trade at that theater, store, warehouse, or other establishment.

"Knowledge of content and character" was defined in pertinent part in subsection 3 of § 2 as

> general knowledge or reason to know, or a belief or ground for a belief which warrants further inspection or inquiry, of the nature and character of the material involved. A person has such knowl-

---

[1] 206 Mich App 78; 520 NW2d 346 (1994).
[2] 446 Mich 869 (1994).

edge when he or she knows or is aware that the material contains, depicts, or describes sexual conduct whether or not such person has precise knowledge of the specific contents of the material. [MCL 752.362(3); MSA 28.579(362)(3).]

An obscenity statute must contain some form of scienter. *Smith v California,* 361 US 147; 80 S Ct 215; 4 L Ed 2d 205 (1959). At issue in this case is whether the Michigan obscenity statute satisfies this requirement.

The first sentence of subsection 3 of § 2 specifically requires that to be guilty of obscenity, a person must have "general knowledge or reason to know, or a belief or ground for a belief which warrants further inspection or inquiry, of the nature and character of the material involved." This language closely resembles the statutory language in *Mishkin v New York,* 383 US 502; 86 S Ct 958; 16 L Ed 2d 56 (1966), that the United States Supreme Court upheld as permissible. Consequently, we find that the language contained in the first sentence of subsection 3 of § 2 is sufficient to satisfy the scienter requirement. See *511 Detroit Street, Inc v Kelley,* 807 F2d 1293, 1297-1298 (CA 6, 1986).

We do not, however, find that the second sentence of subsection 3 of § 2 is constitutionally sufficient. According to this sentence, a person who "knows or is aware that the material contains, depicts, or describes sexual conduct whether or not such person has precise knowledge of the specific contents of the material" is deemed to have the knowledge set forth in the first sentence of subsection 3 of § 2. We are of the opinion that this language clearly creates an impermissible presumption that a person who knows or is aware that material contains, depicts, or describes sexual

conduct is also aware of the nature and character of the entire material. See *Ripplinger v Collins,* 868 F2d 1043 (CA 9, 1989); *511 Detroit Street, Inc, supra* at 1298.

In light of these findings, it is for this Court to now determine whether severability is possible in this case. If necessary, a court must give a statute a narrow construction to render it constitutional if such a construction can be possible without harming the intent of the Legislature. *Thompson v Merritt,* 192 Mich App 412, 424; 481 NW2d 735 (1991). MCL 8.5; MSA 2.216 states in pertinent part:

> If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such remaining portions are not determined by the court to be inoperable, and to this end acts are declared to be severable.

The law enforced after an invalid portion of an act is severed must be reasonable in light of the act as originally drafted. *Republic Airlines, Inc v Dep't of Treasury,* 169 Mich App 674, 685; 427 NW2d 182 (1988).

We are of the opinion, after careful review of the statute, that the language contained within the obscenity statute is readily susceptible to severance. In order for the Michigan obscenity statute to be constitutionally valid, all that would need to be done is sever the second sentence of subsection 3 of § 2. No additional language or construction would be necessary. The first sentence of subsection 3 of § 2 is operable alone and is reasonable in light of the act as originally drafted. *People v*

*Cavaiani,* 172 Mich App 706, 711; 432 NW2d 409 (1988). Moreover, we believe that it properly can be applied to defendants in this case. *Osbourne v Ohio,* 495 US 103; 110 S Ct 1691; 109 L Ed 2d 98 (1990). Accordingly, we remand this case for reinstatement of the first-degree obscenity charges.

Having found the statute constitutional when the second sentence of subsection 3 of § 2 is severed, we reverse and remand for proceedings consistent with this opinion.

BRENNAN, J., did not participate.