618 N.W.2d 585 (2000)
PEOPLE OF PLYMOUTH TOWNSHIP, Plaintiff-Appellee,
v.
Paul HANCOCK, Defendant-Appellant.
Docket No. 116148, COA No. 201012.
Supreme Court of Michigan.
November 3, 2000.
On order of the Court, the delayed application for leave to appeal from the June 11, 1999, decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, J., dissents and states as follows:
I would grant defendant's application for leave to appeal to consider whether plaintiff's disturbing the peace ordinance is unconstitutionally vague or overbroad. This case raises the jurisprudentially significant question whether application of the reasonable person standard saves an ordinance that otherwise criminalizes noise and vulgar conduct that annoys or disturbs the quiet, comfort, and repose of persons in the vicinity.

Plaintiff's ordinance provides:
It shall be unlawful for a person to disturb the public peace and quiet by shouting, whistling, loud, boisterous, or vulgar conduct, the playing of musical instruments, phonographs, radios, televisions, tapeplayers or any other means of amplification at any time or place so as to unreasonably annoy or disturb the quiet, comfort and repose of persons in the vicinity.
This case raises the important question whether the ordinance is unconstitutionally overbroad. The overbreadth doctrine "allows a party to challenge a law written so broadly that it may inhibit the constitutionally protected speech of third parties, even though the party's own conduct may be unprotected." In re Chmura, 461 Mich. 517, 530, 608 N.W.2d 31 (2000). Substantial overbreadth is required. Id. at 531, 608 N.W.2d 31. "`[T]here must be a realistic danger that the statute itself *586 will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds.'" Id., quoting Los Angeles City Council v. Taxpayers for Vincent, 466 U.S. 789, 801, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984).
In rejecting defendant's argument that the ordinance is overbroad, the Court of Appeals determined that the ordinance is content-neutral. Although, at first blush, the ordinance appears to be a restriction on noise that would be subject to less scrutiny,[1] close examination of the ordinance language reveals that it does address content. A content-based restriction receives strict scrutiny. United States v. Playboy Entertainment Group, Inc., 529 U.S. 803, ___, 120 S.Ct. 1878, 1886, 146 L.Ed.2d 865, 878-879 (2000). The restriction is permissible only if it is "`necessary to serve a compelling state interest and... is narrowly drawn to achieve that end,'" Burson v. Freeman, 504 U.S. 191, 198, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992) (plurality opinion), quoting Perry Ed. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983), or is limited to "constitutionally proscribable content." R.A.V. v. St. Paul, 505 U.S. 377, 383, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992).
"The principal inquiry in determining content neutrality, in speech cases generally and in time, place, or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys." Ward v. Rock Against Racism, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). On its face, the ordinance involved in this case prohibits "vulgar conduct." While plaintiff's desire to control noise levels may provide some justification for the ordinance, the inclusion of vulgar conduct within the scope of the ordinance presents a real question whether the ordinance is "`justified without reference to the content of the regulated speech.'" Id., quoting Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984). A question therefore exists whether the ordinance is subject to strict scrutiny, not the lesser scrutiny undertaken by the Court of Appeals.
Under either level of scrutiny, however, the question whether the ordinance is unconstitutionally overbroad merits our review. The ordinance defines the prohibited conduct by reference to whether it would "unreasonably annoy or disturb the quiet, comfort and repose of persons in the vicinity." The terms comfort and repose arguably suggest consideration of content, as well as volume. Further, that the ordinance is not limited by time or place suggests that it applies equally to a person expressing political views at noon in the town square and a person playing loud music at 2:00 A.M. in a residential neighborhood. In light of the broad language of the ordinance, a realistic danger may exist that the ordinance will compromise recognized First Amendment protections of parties not before this Court.
The question whether the ordinance is unconstitutionally vague likewise merits our consideration. Although the reference to "unreasonably annoy" may not run afoul of Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971), courts of other jurisdictions have disagreed on whether use of a reasonableness standard in a noise ordinance is sufficient to give a person of ordinary intelligence fair notice *587 the conduct is forbidden. Compare Price v. State, 622 N.E.2d 954, 967 (Ind., 1993), and Eanes v. State, 318 Md. 436, 458-464, 569 A.2d 604 (1990), with Langford v. Omaha, 755 F.Supp. 1460, 1462-1463 (D.Neb., 1989), and Marks v. Anchorage, 500 P.2d 644, 653 (Alas., 1972). Further, the ordinance involved in this case refers not only to disturbing the quiet of others, but also to disturbing their comfort and repose. The question whether the reasonable person standard "saves" the ordinance from being impermissibly vague is sufficiently important to our jurisprudence to justify this Court's review.
Accordingly, I would grant defendant's application for leave to appeal to consider whether the ordinance is unconstitutionally vague or overbroad.
MARILYN J. KELLY, J., concurs in the statement of CORRIGAN, J.
MICHAEL F. CAVANAGH, J., would grant leave to appeal.
NOTES
[1] "[E]ven in a public forum the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions `are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.'" Ward v. Rock Against Racism, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). The government "`ha[s] a substantial interest in protecting its citizens from unwelcome noise.'" Id. at 796, 109 S.Ct. 2746, quoting Los Angeles City Council, supra at 806, 104 S.Ct. 2118.