# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

PEOPLE OF THE CITY OF GRAND RAPIDS,

     Plaintiff-Appellee,

v

JOHN F GASPER,

     Defendant-Appellant.

FOR PUBLICATION
March 8, 2016
9:00 a.m.

No.  324150
Kent Circuit Court
LC No.  14-004093-AR

---

PEOPLE OF THE CITY OF GRAND RAPIDS,

     Plaintiff-Appellee,

v

THEODORE HUGH SMITH,

     Defendant-Appellant.

No.  324152
Kent Circuit Court
LC No.  14-004096-AR

---

PEOPLE OF THE CITY OF GRAND RAPIDS,

     Plaintiff-Appellee,

v

FRANKLIN DEAN LEHNEN, JR.,

     Defendant-Appellant.

No.  328165
Kent Circuit Court
LC No.  15-001823-AR

---

Before:  METER, P.J., and BOONSTRA and RIORDAN, JJ.

BOONSTRA, J.

-1-

These consolidated appeals by leave granted[1] arise from the alleged violations of a Grand Rapids noise ordinance. Defendants Gasper and Smith appeal from an order of the circuit court reversing the district court's order dismissing their cases on the basis that § 9.63(3) of the City of Grand Rapids Noise Ordinance was unconstitutionally vague. Defendant Lehnen appeals the order of the circuit court reversing the district court's ruling concerning jury instructions in his criminal prosecution for violation of § 9.63(3). We reverse the circuit court order regarding Gasper and Smith, and remand for dismissal of the criminal prosecutions against all defendants.

I. PERTINENT FACTS AND PROCEDURAL HISTORY

These cases arise from the municipal prosecutions of several individuals associated with the Tip Top Deluxe Bar and Grille ("Tip Top") in Grand Rapids, Michigan, for the alleged violation of § 9.63(3) of the City of Grand Rapids Noise Ordinance, which provides:

> (3) No person shall use any premises or suffer any premises under his or her care or control to be used which shall destroy the peace and tranquility of the surrounding neighborhood.

Defendant Gasper is an employee of Tip Top; Smith and Lehnen are co-owners. Defendants and another employee of Tip Top, Jacqueline Martin,[2] were charged with violations of § 9.63(3) in connection with events occurring on various dates in 2012 and 2013.

Gasper, Smith, and Martin moved in the district court to dismiss the charges against them. The court held a hearing on the motions on April 22, 2014. At the hearing, Grand Rapids police officers testified that they had responded to noise complaints on the nights in question (when live music was playing) and issued citations for violations of § 9.63(3). The officers admitted on cross-examination that they did not record the decibel level of the noise, and that the departmental policy was to strictly enforce noise violations from Tip Top. The officers testified that they understood a violation of § 9.63(3) to occur if noise could be heard from a "public way" (i.e., the street) regardless of actual decibel level. The officers as well as one complainant all testified to their belief that the noise from Tip Top "destroy[ed] the peace and tranquility of the surrounding neighborhood."

---

[1] *People of Grand Rapids v Gasper*, unpublished order of the Court of Appeals, entered March 12, 2015 (Docket No. 324150); *People of Grand Rapids v Smith*, unpublished order of the Court of Appeals, entered March 12, 2015 (Docket No. 324152); *People of Grand Rapids v Lehnen, Jr.*, unpublished order of the Court of Appeals, entered October 15, 2015 (Docket No. 328165).

[2] Martin also filed a claim of appeal that was originally consolidated with the instant cases. However, Martin eventually received a directed verdict of acquittal in her district court trial for violation of the ordinance. This Court subsequently dismissed her appeal as moot. *People of Grand Rapids v Martin*, unpublished order of the Court of Appeals, entered May 15, 2015 (Docket No. 324151).

Although the district court determined that there was a question of fact for the jury regarding whether the bar's music on the nights in question had actually destroyed the peace and tranquility of the surrounding neighborhood, it also concluded that § 9.63(3) was unconstitutionally vague because reasonable minds could differ regarding what destroys the peace and tranquility of a neighborhood, and there was no objective way for police to make that determination. Consequently, the owners and employees of Tip Top Bar had no way of knowing how loud its music could be. Further, while the police, in enforcing § 9.63(3), had assessed whether the music could be heard from the street, § 9.63(3) contained no language to support the conclusion that a violation occurred when and because music could be heard from the street.

The district court dismissed the cases against Gasper, Martin, and Smith. The record does not reflect that Defendant Lehnen moved the district court for the dismissal of his case.

The City Attorney of Grand Rapids appealed the district court's order of dismissal to the circuit court, arguing that § 9.63(3) was not unconstitutionally vague because a reasonable person would know the meaning of the word "destroy." Defendants argued that the district court had correctly determined that § 9.63(3) was unconstitutionally vague, because it did not provide adequate notice of what conduct was prohibited, and allowed police officers broad latitude in enforcing § 9.63(3) based on their subjective determination that the peace and tranquility of a neighborhood had been destroyed. Defendants referred the circuit court to other Grand Rapids noise ordinances, which provided specific decibel limits for certain zones and certain times of day, and argued that a citizen could believe that he or she was in compliance with the law by not producing noise over the specified decibel level, only to be cited in an officer's discretion for violating § 9.63(3).

The circuit court reversed the district court's order in part and remanded Gasper's, Martin's, and Smith's cases for trial, finding that § 9.63(3) was not unconstitutionally vague. The circuit court reasoned that § 9.63(3), when read in conjunction with other portions of the statute, specifically § 9.63(11), provided notice to residents of maximum sound levels during the day and night, and how those levels would be measured, and stated:

When read in its entirety, Section 9.63 delineates clear standards for establishing a per se violation under Sec. 9.63(11) and also allows enforcement when distinctly and loudly audible noise is made upon a public way or in close proximity thereto as well as when noise levels are believed to destroy the peace and tranquility of the surrounding neighborhood. See Sec. 9.63(1) and (3);

. . . In light of the objective outside parameters established in subsection (11), the police are not permitted "to wield apparently unlimited discretionary powers in choosing those persons in violation of the ordinance" if they choose to charge an alleged offender under the subjective standards of either Subsection (1) or (3). Additionally, the owners and employees have notice of what maximum sound pressure levels are permitted during daytime and nighttime hours; how the levels will be measured; and that the performance standards will be applied at the boundaries of the lot. When the police choose to cite a property owner or employee under subsection (3), as correctly noted by [the district court], a jury

question is presented regarding whether the peace and tranquility of the neighborhood has been destroyed.

The trial court affirmed the district court's ruling that a question of fact existed regarding whether defendants had destroyed the peace and tranquility of the surrounding neighborhood on any of the nights in question.

Gasper, Martin, and Smith filed applications for leave to appeal to this Court. However, their trials were not stayed pending these appeals. In advance of Martin's trial, the district court ruled, over the City's objection, that the jury instruction regarding the elements of a violation of § 9.63(3) would include a dictionary definition of the term "destroy," an element requiring that decibel readings above certain levels were taken, and an element requiring that those decibel levels were taken at the boundary line of the property. The City Attorney sought leave to appeal this jury instruction to the circuit court, but the court denied the application.

Martin's trial went forward before this Court's decision on her application for leave to appeal, and the district court granted her a directed verdict of acquittal. This Court thus dismissed her appeal as moot.

Lehnen's case also proceeded to trial. The same issue with the jury instructions arose, and the district court ruled that it would give the same set of instructions as it had given in Martin's case. The district court stated that it believed this instruction comported with the circuit court's ruling in Gasper's, Smith's, and Martin's cases, i.e., that § 9.63(3) must be read in conjunction with § 9.63(11), which set forth violations based on decibel readings. The City Attorney filed another application for leave to appeal the jury instruction ruling to the circuit court. This time, the circuit court granted the application and reversed the district court's ruling, ordering that references to the definition of "destroy" and decibel readings must be stricken from the instructions, because decibel readings were not an element of a violation of § 9.63(3).

Lehnen filed an application in this Court for leave to appeal the circuit court's ruling on the jury instruction issue, which was granted and consolidated with Gasper's and Smith's appeals as described above. On June 22, 2015, the district court granted a motion to stay all cases involving violations of § 9.63(3) reported at Tip Top Bar pending the outcome of these consolidated appeals, thus staying defendants' criminal proceedings pending our resolution of their appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo the constitutionality of a municipal ordinance. *Plymouth Twp v Hancock*, 236 Mich App 197, 199; 600 NW2d 380 (1999), lv den 463 Mich 908 (2000). "Further, because ordinances are treated as statutes for purpose of interpretation and review, [this Court] also review[s] de novo the interpretation and application of a municipal ordinance." *Bonner v Brighton*, 495 Mich 209, 221-222; 848 NW2d 380 (2014). "[T]he rules governing statutory interpretation apply with equal force to a municipal ordinance[.]" *Id*. at 222. Ordinances are presumed to be constitutional, "and will be so construed unless the party challenging the statute clearly establishes its unconstitutionality." *Hancock*, 236 Mich App at 199. Further, we may apply a narrowing construction to an ordinance if doing so would render it

-4-

constitutional without harming the intent of the legislative body.  See *People v F P Books & News, Inc (On Remand)*, 210 Mich App 205, 209; 533 NW2d 362 (1995).

## III.  CONSTITUTIONALITY OF § 9.63(3)

Defendants argue that the circuit court erred in reversing the district court and finding § 9.63(3) constitutional.  We agree.

A constitutional challenge based on vagueness "is brought under the Due Process Clause of the Fourteenth Amendment of the United States Constitution."  *People v Lino*, 447 Mich 567, 575 n 2; 527 NW2d 434 (1994).  As the United States Supreme Court has observed,

> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.  Vague laws offend several important values.  First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.  Vague laws may trap the innocent by not providing fair warning.  Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.  A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.  Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms."  Uncertain meanings inevitably lead citizens to " 'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked."  [*Grayned v City of Rockford*, 408 US 104, 108-109; 92 S Ct 2294; 33 L Ed 2d 222 (1972) (internal citations omitted).]

Thus, there are three ways in which an enactment may be found unconstitutionally vague:  "(1) failure to provide fair notice of what conduct is prohibited, (2) encouragement of arbitrary and discriminatory enforcement, or (3) being overbroad and impinging on First Amendment Freedoms."  *Lino*, 447 Mich at 575-576, quoting *People v Howell*, 396 Mich 16, 20-21; 238 NW2d 148 (1976).  Defendants argue that § 9.63(3) is unconstitutionally vague for the first two reasons; that is, the ordinance fails to provide sufficient notice of what conduct is proscribed and encourages arbitrary and discriminatory enforcement.

In finding § 9.63(3) constitutional, the circuit court looked to § 9.63(11) of the ordinance, reasoning that the standards set forth in that subsection provided "objective outside parameters" by which citizens could determine what conduct was proscribed under § 9.63(3) and which prevented law enforcement officers from arbitrarily enforcing the ordinance.  However, the court acknowledged that a person could be cited for violating section (3) regardless of compliance with section (11):  "Section 9.63 delineates clear standards for establishing a per se violation under Sec. 9.63(11) and *also* allows enforcement . . . when noise levels are believed to destroy the peace and tranquility of the surrounding neighborhood."  We conclude, consistent with that acknowledgement, that the existence of maximum decibel limits in § 9.63(11) does not aid a citizen in determining whether his or her conduct violates § 9.63(3), nor does it place any

constraints on enforcing officers' discretion. We therefore hold that the circuit court erred in determining that the language of § 9.63(11) saved § 9.63(3) from vagueness.[3]

Further, the ordinance in question resembles other ordinances held by the United States Supreme Court to be unconstitutionally vague, such as an ordinance that prohibited "annoying" passerby, *Coates v Cincinnati*, 402 US 611; 91 S Ct 1686; 29 L Ed 2d 214 (1971), and an ordinance requiring the production of "credible and reliable" identification to police officers, *Kolender v Lawson*, 461 US 352; 103 S Ct 1855; 75 L Ed 2d 903 (1983). Like the ordinances in those cases, § 9.63(3) provides virtually no guidance to a citizen in determining whether his or her conduct is prohibited; as acknowledged by the circuit court, even compliance with the decibel limits of § 9.63(11) does not protect a citizen from citation for the violation of § 9.63(3). And on the other side of the coin, it vests the enforcing officer with almost complete discretion to determine whether the ordinance has been violated. *Kolender*, 461 US at 358.

The ordinance also resembles the statute at issue in *People v Boomer*, 250 Mich App 534, 536; 655 NW2d 255 (2002), which provided that it was a misdemeanor for any person to "use any indecent, immoral, obscene, vulgar, or insulting language in the presence or hearing of any woman or child[.]" This Court determined that the statute essentially required a person who spoke in the presence of women or children to "guess what a law enforcement officer might consider too indecent, immoral, or vulgar . . . ." *Id.* at 541. Here, a person making noise in a neighborhood is similarly required to guess whether law enforcement would consider his or her conduct as destroying the peace and tranquility of the neighborhood. Simply put, conduct that "destroys" the peace and tranquility of some would not affect others to such an extent. There is simply no standard for determining what "destroys" the peace and tranquility of a neighborhood, which compels "men of common intelligence" to guess as to what conduct is proscribed by § 9.63(3). *Coates*, 402 US at 614; *Kolender*, 461 US at 358; *People v Gagnon*, 129 Mich App 678; 341 NW2d 867 (1983). Moreover, because § 9.63(3) fails to provide explicit standards for determining what "destroys the peace and tranquility of the surrounding neighborhood," law enforcement officers and finders of fact are necessarily vested with "virtually complete discretion" to determine whether a violation of § 9.63(3) has occurred. *Kolender*, 461 US at 358.

We also find this case distinguishable from cases involving challenges to disturbing the peace statutes. Although this Court has held that a reasonable person is sufficiently aware of what conduct constitutes a "disturbance" of the peace, *Lansing v Hartsuff*, 213 Mich App 338; 539 NW2d 781 (1995), *Hancock*, 236 Mich App 197, the ordinance at issue does not proscribe conduct that merely *disturbs* or *disrupts* the peace and tranquility, but rather that which *destroys* the peace and tranquility. Thus, a person of ordinary intelligence would still have to guess whether his or her conduct was lawful, as conduct that one person might consider to totally

---

[3] In fact, the City Attorney also disagreed that the requirements of § 9.63(11) had any bearing on prosecutions under § 9.63(3). To the contrary, she argued that § 9.63(11) was "a completely different subsection of the noise ordinance," and that determining under which section to prosecute was simply a matter of "prosecutorial discretion."

*destroy* their peace and tranquility might merely *disrupt* the peace and tranquility for a another person.  Accord *Boomer*, 250 Mich App at 541.[4]

Finally, we note that there is no narrowing construction of § 9.63(3) that would render it constitutional.  *FP Books & News Inc (On Remand)*, 210 Mich App at 209.  Although the district court attempted, through its jury instructions and in an attempt to comply with the circuit court's ruling, to read into § 9.63(3) a requirement that a violation of § 9.63(11) have occurred, such a reading effects a substantial revision of the ordinance and essentially amounts to rendering § 9.63(3) nugatory or surplusage—i.e., if a violation of § 9.63(3) can only be accomplished through a violation of § 9.63(11), and both violations are punishable as criminal misdemeanors, as indeed the parties seem to agree is the case, § 9.63(3) thus becomes mere surplusage.

However, § 9.63(3) is readily susceptible to severance from the remainder of the Grand Rapids Noise Ordinance.  Deletion of § 9.63(3) would not render invalid or unreasonable the remainder of the ordinance, and no additional language or construction would be necessary.  *FP Books & News Inc (On Remand)*, 210 Mich App at 210.  Nor would Grand Rapids be left without a mechanism to curtail excessive noise from defendants' bar; indeed, the City Attorney acknowledged that she had sent officers to the location (although perhaps not on these occasions) to take decibel readings, and that it was a matter of prosecutorial discretion whether to prosecute under § 9.63(3) rather than § 9.63(11).

We therefore reverse the circuit court's order to the extent it reversed the district court's order finding § 9.63(3) unconstitutionally vague, and remand for reinstatement of the district court's order of dismissal with regard to defendants Gasper and Smith, and to dismiss the pending criminal prosecution against defendant Lehnen.  Having determined that § 9.63(3) is unconstitutional, we need not address Lehnen's arguments concerning the jury instructions in his case.

Reversed and remanded for dismissal of defendants' criminal prosecutions.  We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

[4] We note also Justice CORRIGAN's dissent from our Supreme Court's decision to deny leave to appeal in *Plymouth Twp v Hancock*, 463 Mich 908, 910; 618 NW2d 585 (2000) (CORRIGAN, J., dissenting), where she observed that "courts of other jurisdictions have disagreed on whether use of a reasonable person standard in a noise ordinance is sufficient to give a person of ordinary intelligence fair notice the conduct is forbidden." *Id*.  We conclude that the application of a reasonable person standard to § 9.63(3) would not save the ordinance from vagueness, but we express no opinion on its use in other noise ordinance cases involving different statutory language.