*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF WARREN,

Plaintiff-Appellee,

v

MARJANA HOTI,

Defendant-Appellant.

UNPUBLISHED
April 29, 2021

No. 346152
Macomb Circuit Court
LC No. 2018-000122-AR

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Defendant, Marjana Hoti, appeals as on leave granted[1] the circuit court's opinion and order affirming the district court's order that sentenced defendant to 10 days in jail for her jury trial conviction of disturbing the peace in violation of Warren Ordinances, § 22-107. We affirm.

## I. PERTINENT FACTS AND PROCEEDINGS

This case arises out of a December 5, 2016, incident that occurred on unoccupied rental property in Warren, Michigan, owned by defendant and her husband, codefendant Anthony Hoti. Police officers were called to the property to assist a city of Warren building inspector because Anthony was continuing to work on the property despite the existence of a "stop work" order that was issued after the unauthorized demolition of a garage exposed raw sewage. Anthony disregarded the officers' repeated instructions to stop working and leave the property, but at one point he began walking away from the property. Defendant, who was working on a neighboring property that she and Anthony owned, then came over a low fence and loudly yelled and screamed at the police officers. She persisted in yelling and screaming at them when she reached the driveway of the house, causing a neighbor to hear defendant's yelling from inside his cement block house and come outside.

---

[1] See *City of Warren v Marjana Hoti*, 505 Mich 999 (2020).

Following her jury trial conviction in district court for disturbing the peace, defendant appealed to the circuit court, which affirmed her conviction. Defendant applied for leave to appeal in this Court, and this Court denied the application for leave to appeal. *City of Warren v Marjana Hoti*, unpublished order of the Court of Appeals, entered March 27, 2019 (Docket No. 346152). Defendant then applied for leave to appeal in our Supreme Court, and our Supreme Court remanded the case to this Court for consideration as on leave granted. *City of Warren v Marjana Hoti*, 505 Mich 999 (2020).

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence to support her conviction of disturbing the peace. We disagree.

A defendant's argument regarding the sufficiency of the evidence is reviewed de novo. *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). "When reviewing a defendant's challenge to the sufficiency of the evidence, [this Court] review[s] the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (quotation marks and citation omitted). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Kanaan*, 278 Mich App at 619. "All conflicts in the evidence must be resolved in favor of the prosecution." *Id*.

This Court reviews de novo the interpretation and application of a municipal ordinance. *Grand Rapids v Gasper*, 314 Mich App 528, 536; 888 NW2d 116 (2016). The rules governing statutory interpretation apply to municipal ordinances. *Id*. Unambiguous language of an ordinance must be applied as written. *Brandon Charter Twp v Tippett*, 241 Mich App 417, 422; 616 NW2d 243 (2000).

A jury found defendant guilty of disturbing the peace under Warren Ordinances, § 22-107, which provides, "No person shall make, aid, give countenance to, or assist in making any improper noise, disturbance, breach of the peace or diversion tending to a breach of the peace, in any place within the city." In accordance with the unambiguous language of the ordinance, the district court correctly described the elements of disturbing the peace as follows when instructing the jury:

> To prove the charge of Disturbing the Peace the prosecutor must prove the following beyond a reasonable doubt:
>
> The defendant made improper noise, caused a disturbance, or breached the peace; and the defendant knew or should have known that he or she was making an improper noise, causing a disturbance, or breaching the peace.

"A disturbance, which is something less than threats of violence, is an interruption of peace and quiet; a violation of public order and decorum; or an interference with or hindrance of one in pursuit of his lawful right or occupation." *People v Mash*, 45 Mich App 459, 462; 206 NW2d 767 (1973) (quotation marks and citation omitted). A breach of the peace includes "any intentional violation of the natural right of all persons in a political society to the tranquility enjoyed by

citizens of a community where good order reigns among its members." *Dearborn Hts v Bellock*, 17 Mich App 163, 168; 169 NW2d 347 (1969).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could determine that defendant caused a disturbance or breached the peace and that she knew or should have known that she did so. Police officers were dispatched to an unoccupied rental home owned by defendant and Anthony because a city building inspector needed assistance. A "stop work" order was in effect on the property because a garage had been demolished without a permit, the garage contained a bathroom, and there was raw sewage exposed. After police officers arrived, Anthony disregarded the officers' instructions to stop working; he continued working on the property by putting debris into garbage bags. At one point, Anthony began walking away from the property. Defendant, who was on a neighboring rental property that she and Anthony owned, then climbed over a low fence and approached the officers, loudly yelling and screaming at them. In addition to the police officers' testimony, a police car video was played for the jury; in the video, defendant can be heard yelling and screaming at the officers.[2] Also, a neighbor came outside upon hearing defendant loudly yelling and screaming. Keeping in mind that our standard of review requires us to view the evidence in the light most favorable to the prosecution, we conclude that the evidence was sufficient to establish that defendant disturbed the peace. See *Lansing v Hartsuff*, 213 Mich App 338, 347; 539 NW2d 781 (1995) (concluding that there was sufficient evidence that the defendant disturbed the peace because a police officer testified that the defendant was loud enough to be heard by neighbors and because the sound of the disturbance caused at least one neighbor to come outside).

Defendant contends that it was improper for the city to charge her with disturbing the peace because the police officers arrested her for failing to move on or failing to obey a lawful command to leave the property, not for disturbing the peace. Defendant failed to include any such issue in her statement of questions presented and has thus waived appellate review of that issue. *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011). Even so, her contention lacks merit. It was for the city attorney's office, as the prosecuting entity in this case, to determine the proper charge to pursue. See *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999) ("It is well settled that the decision whether to bring a charge and what charge to bring lies in the discretion of the prosecutor.") (quotation marks and citation omitted).

Defendant suggests in connection with her argument on the sufficiency of the evidence that she was denied her First Amendment right to freedom of speech, which is related to an argument she makes later (see note 5). Her contention lacks merit. "[I]n broad terms, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *People v Vandenberg*, 307 Mich App 57, 63; 859 NW2d 229 (2014) (quotation marks and citation omitted). Defendant was not convicted on the basis of the message,

---

[2] We note that out of frustration with defendant's and her husband's recalcitrance, one of the officers also raised his voice, which did not help the situation. But the problem originated from defendant's and her husband's belligerent conduct in refusing to honor permit requirements, creating the scene at issue.

ideas, subject matter, or content of her statements, but for disturbing the peace when loudly yelling and screaming at the police officers.

Defendant alleges an unreasonable search or seizure in violation of the Fourth Amendment, but she failed to include that issue in her statement of questions presented and has thus waived appellate review of the issue. *Fonville*, 291 Mich App at 383. Also, defendant makes only cursory assertions and provides no basis to conclude that an unconstitutional search or seizure occurred. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "An appellant's failure to properly address the merits of [her] assertion of error constitutes abandonment of the issue." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004).[3]

## III. CONSTITUTIONALITY OF CITY ORDINANCE

Defendant next challenges the constitutionality of a portion of the ordinance under which she was convicted. Her argument lacks merit.

A constitutional challenge must be raised in the trial court in order to be preserved for appellate review. *Vandenberg*, 307 Mich App at 61. As defendant concedes on appeal, she failed to preserve this issue because she did not raise it in the district court. Accordingly, our review is for plain error. *Vandenberg*, 307 Mich App at 61. Under the plain error standard,

> defendant bears the burden of demonstrating a clear or obvious error and that this error affected her substantial rights. To have affected substantial rights, there must be a showing of prejudice, i.e., that the error affected the outcome of the lower-court proceedings. Even if defendant satisfies this burden, an appellate court will reverse only if the plain error led to the conviction of an innocent defendant or seriously affected the fairness, integrity or public reputation of judicial proceedings. [*Id*. at 61-62 (quotation marks, brackets, ellipsis, and citations omitted).]

Municipal "[o]rdinances are presumed to be constitutional and will be so construed unless the party challenging the [ordinance] clearly establishes its unconstitutionality." *Gasper*, 314 Mich App at 536 (quotation marks and citation omitted). This Court "may apply a narrowing construction to an ordinance if doing so would render it constitutional without harming the intent of the legislative body." *Id*.

A legislative enactment

> may be determined to be unconstitutionally vague when (1) it does not provide fair notice of the conduct proscribed, (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed or (3) its

---

[3] There is no evidence that the officers entered the house on the property, and defendant identifies no basis to conclude that any entry onto the property to communicate with defendant and Anthony or to arrest them was unjustified, given the violations of ordinances by defendant and Anthony.

-4-

coverage is overly broad and impinges on First Amendment [f]reedoms. [*People v Solloway*, 316 Mich App 174, 185; 891 NW2d 255 (2016) (quotation marks and citation omitted).]

An enactment "will not be found vague if the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises, or their generally accepted meaning." *Id*. (quotation marks and citation omitted).

Due process does not require impossible or impractical precision or clarity in the language of a legislative enactment. *Kolender v Lawson*, 461 US 352, 361; 103 S Ct 1855; 75 L Ed 2d 903 (1983). "Condemned to the use of words, we can never expect mathematical certainty from our language." *Grayned v Rockford*, 408 US 104, 110; 92 S Ct 2294; 33 L Ed 2d 222 (1972).

In *Kovacs v Cooper*, 336 US 77, 78-79; 69 S Ct 448; 93 L Ed 513 (1949), the United States Supreme Court rejected a constitutional challenge to a municipal ordinance prohibiting the use on public streets of sound amplifiers that emit "loud and raucous noises." The United States Supreme Court explained:

> The contention that the section is so vague, obscure and indefinite as to be unenforceable merits only a passing reference. This objection centers around the use of the words "loud and raucous." While these are abstract words, they have through daily use acquired a content that conveys to any interested person a sufficiently accurate concept of what is forbidden. [*Id*. at 79.]

In *Hartsuff*, 213 Mich App at 343, this Court rejected a constitutional challenge to a Lansing ordinance that prohibited "[d]isturbing the public peace and quiet by loud or boisterous conduct." After quoting the United States Supreme Court's analysis in *Kovacs*, this Court in *Hartsuff* stated that, "[l]ike the words 'loud and raucous,' the phrase 'loud or boisterous,' as used in the Lansing ordinance, is sufficiently precise to be constitutional." *Id*. at 344. This Court reasoned:

> We agree with the lower court that an ordinary person exercising common sense can sufficiently understand the term "loud or boisterous," especially when the term is modified by the phrase "disturb the public peace and quiet." By the same token, we conclude that the term is not so subjective and vague as to permit unlimited discretion on the part of prosecutors, police officers, and jurors. [*Id*. at 345.]

This Court further explained:

> [W]e construe the Lansing ordinance to refer to noise levels that would offend a reasonable person of common sensibilities and disrupt the reasonable conduct of basic human activities. Under this construction, noise or sounds that would not offend a nearby reasonable [person] cannot be punished under the ordinance. For this reason, culpability necessarily depends on all the surrounding facts and circumstances. For example, those playing a spirited neighborhood touch football or basketball game after school are without culpability while those engaged in the

same conduct in the middle of the night would be blameworthy. In light of our construction, we conclude that the ordinance is sufficiently precise to overcome the vagueness challenge. [*Id.* at 346-347.]

This Court in *Hartsuff* also cited *People v Fitzgerald*, 194 Colo 415; 573 P2d 100 (1978), for the proposition that the term "unreasonable noise" is not vague. *Hartsuff*, 213 Mich App at 345.[4]

Regarding the effect of the reasonable person standard, this Court stated in *Plymouth Twp v Hancock*, 236 Mich App 197, 201-202; 600 NW2d 380 (1999):

The reasonable person standard is a hallmark of the Anglo–American legal system. We believe the reasonable person standard serves to provide fair notice of the type of conduct prohibited, as well as preventing abuses in application of the ordinance. The reasonable person standard assures that the person of ordinary intelligence has a reasonable opportunity to know what is prohibited, so that he may act accordingly. It also serves to prevent any ad hoc and subjective application by police officers, judges, juries, or others empowered to enforce § 51.125. [Quotation marks, brackets, and citations omitted.]

The ordinance at issue here, Warren Ordinances, § 22-107, provides, "No person shall make, aid, give countenance to, or assist in making any improper noise, disturbance, breach of the peace or diversion tending to a breach of the peace, in any place within the city." Defendant asserts that the phrase "improper noise" is unconstitutionally vague and overbroad. We disagree. The word "improper" modifies the word "noise." Like in *Hartsuff* and *Hancock*, this conveys an objective, reasonable person, component that provides sufficient guidance regarding what is prohibited and that adequately restricts the discretion of the arresting officer, the prosecutor, and the jurors. See *Sharkey's, Inc v Waukesha*, 265 F Supp 2d 984, 993 (ED Wis, 2003) ("Although there are cases to the contrary, anti-noise ordinances that incorporate a 'reasonable person' standard have generally withstood constitutional scrutiny.") (citations omitted); *Price v State*, 622 NE2d 954, 967 (Ind, 1993) (rejecting a constitutional challenge to a statute prohibiting "unreasonable noise" because an objective reasonableness standard constrained the discretion of those charged with enforcing the statute and provided fair notice of what conduct was prohibited); *Seattle v Eze*, 111 Wash 2d 22, 29-30; 759 P2d 366 (1988) (rejecting a constitutional vagueness challenge and stating that the use of the term "unreasonably" in the ordinance at issue provided indicia of objectivity).

Although the ordinance here uses the word "improper" rather than "unreasonable," the word "improper" is sufficiently similar to "unreasonable" and provides the same basic objective standard identified in *Hartsuff* and *Hancock*. See generally, *Heard v Rizzo*, 281 F Supp 720, 741 (ED Pa, 1968), aff'd 392 US 646; 88 S Ct 2307; 20 L Ed 2d 1358 (1968) (upholding a statute

---

[4] "While the decisions of lower federal courts and other state courts are not binding on this Court, they may be considered as persuasive authority." *People v Walker*, 328 Mich App 429, 444-445; 938 NW2d 31 (2019) (quotation marks and citation omitted).

containing the phrase "unseemly noise" and stating: "*Unseemly means not* fitting or *proper* in respect to the conventional standards of organized society or a legally constituted community. It appears to this court that the term *'unseemly' is analogous to the oft-used term 'unreasonable.'* Certainly it is no more vague.") (emphasis added).[5] The term "improper noise" narrows the range of conduct to which the ordinance applies and excludes the type of peaceful, reasonable noise that defendant claims would be included, such as mowing the lawn or cheering at a sporting event.

Moreover, we deem the ordinance at issue content-neutral because it "does not attempt to regulate speech on the basis of its message." See *Hancock*, 236 Mich App at 203 n 3.[6] Thus, the ordinance serves the legitimate and important governmental purpose of protecting the peace and quiet of the city.

Finally, even if the "improper noise" portion of the ordinance is unconstitutional, defendant has not established that she is entitled to reversal of her conviction under the plain error standard. Defendant does not challenge the constitutionality of the portions of the ordinance that prohibit causing a disturbance and breaching the peace, nor does she claim that the allegedly unconstitutional part of the ordinance is incapable of being severed. The jury was instructed on the alternatives of causing a disturbance and breaching the peace. As explained earlier, the evidence at trial indicates that defendant caused a disturbance or breached the peace. She loudly and aggressively yelled and screamed at police officers who were trying to perform their lawful duties. A neighbor came outside after hearing defendant's yelling and screaming. It is untenable to suggest that defendant only made an improper noise; the evidence at trial overwhelmingly established that she caused a disturbance or breached the peace. Defendant thus has not shown

---

[5] Further supporting the conclusion that the word "improper" invokes an objective standard akin to reasonableness is the fact that, in other contexts, such as in regard to negligence law, the words "reasonable" and "proper" are often used together when discussing the application of an objective standard. See, e.g., *Gregg v Goodsell*, 365 Mich 685, 689; 113 NW2d 923 (1962) (upholding a trial judge's finding that the "defendant was guilty of negligence in failing to keep a *reasonable and proper* outlook for other traffic as he undertook to cross the intersection") (emphasis added).

[6] Defendant contends that she is similarly situated to the defendant in *Vandenberg*, who was entitled to a new trial after we reversed her conviction under MCL 750.170, which prohibits "excit[ing] any disturbance or *contention* . . . ." *Vandenberg*, 307 Mich App at 58 (emphasis added). We concluded that "the phrase 'exciting a contention' as used in MCL 750.170 is unconstitutionally overbroad insofar as it criminalizes the peaceable public expression of ideas, merely because those ideas may be offensive to others." *Vandenberg*, 307 Mich App at 67. We could not discern whether the defendant in *Vandenberg* was convicted of creating a disturbance or exciting a contention, since the prosecutor argued both theories to the jury, and the jury instructions referred to both a disturbance and a contention. *Id*. Because the defendant's conviction may have rested on an unconstitutional basis, i.e., on the peaceable expression of ideas, this Court reversed and remanded for a new trial that excluded the contention theory. *Id*. at 67-68. Although defendant asserts she was convicted on the basis of protected speech, the record lends no support to this assertion. Further, nothing in the text of the ordinance at issue to suggest that it "reaches a substantial amount of constitutionally protected conduct[,]" and, therefore, is overbroad. *Id*. at 62.

that any constitutional infirmity with respect to the "improper noise" portion of the ordinance affected the outcome of the trial. The alleged error did not result in the conviction of an innocent defendant or seriously affect the fairness, integrity, or public reputation of the proceedings.[7]

## IV. JUDICIAL BIAS

Defendant next argues that the circuit court judge was biased. Defendant's argument fails.

A defendant must raise a claim of judicial bias in the lower court in order to preserve the issue for appellate review. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). Defendant filed in the circuit court a motion to disqualify the circuit court judge, but in a subsequent hearing in circuit court, defendant repeatedly expressed her wish to withdraw the disqualification motion. In accordance with defendant's wish, the circuit court entered an order stating that defendant had withdrawn her motion to disqualify the circuit court judge. Given that defendant withdrew her disqualification motion, the issue is unpreserved.

Moreover, the issue is not merely unpreserved; it is waived. A "waiver is the intentional relinquishment or abandonment of a known right." *People v Bergman*, 312 Mich App 471, 490; 879 NW2d 278 (2015). By voluntarily withdrawing her motion to disqualify the circuit court judge, defendant waived her contention that the circuit court judge should have been disqualified. See *id*. (by voluntarily withdrawing her motion for the appointment of a defense investigator, the defendant waived her right to a defense investigator). "A waiver extinguishes any error, leaving no error to review." *Id*.

But even if this Court were to review the issue, defendant's argument would fail. If the disqualification issue was merely unpreserved rather than waived, this Court's review would proceed under the plain error test. *Jackson*, 292 Mich App at 597.

MCR 2.003(C)(1) provides, in relevant part:

Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:

(a) The judge is biased or prejudiced for or against a party or attorney. . . .

MCR 2.003(C)(1)(a) requires a showing of actual bias or prejudice. See *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). "[T]he party who challenges a judge on the basis of bias or prejudice must overcome a heavy presumption of judicial impartiality." *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). In general, "the challenged bias must have its origin in events or sources of information gleaned outside the judicial proceeding." *Id*. at 495. Judicial rulings alone almost never provide a valid basis for finding judicial bias or partiality, *id*. at 496, absent "a deep-seated favoritism or antagonism that would

---

[7] Defendant asserts a claim of instructional error on the basis of the unconstitutionality of "improper notice." However, defendant's constitutional challenge having failed, her claim of instructional error must also fail.

make fair judgment impossible[,]" *In re Contempt of Henry*, 282 Mich App at 680 (quotation marks and citation omitted). "Disqualification on the basis of bias or prejudice cannot be established merely by repeated rulings against a litigant, even if the rulings are erroneous." *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009). A trial judge's remarks that "are critical of or hostile to counsel, the parties, or their cases, ordinarily do not establish disqualifying bias." *Id.* at 567.

Defendant has presented no evidence of bias or prejudice on the part of the circuit court judge. Defendant's argument consists of unsubstantiated assertions that the circuit court judge conspired with the city to obtain a verdict favorable to the city and altered transcripts. There is no support for any of these contentions. Defendant suggests that there was something improper about the reassignment of defendant's appeal in circuit court to the circuit court judge. But the reassignment conformed with MCR 8.111(D)(1), given that defendant and Anthony were tried together for charges stemming from the same incident and Anthony's appeal was filed first and assigned to the circuit court judge. Defendant also alleges that the district court judge was biased and conspired with the city and that the city engaged in misconduct by conspiring with the judges to fabricate the charge against defendant. Defendant waived appellate review of these additional claims because she failed to include them in her statement of questions presented. *Fonville*, 291 Mich App at 383. Even if these claims had not been waived, they are likewise entirely unsupported and bereft of merit.

Defendant makes confusing assertions that the jury was corrupted, that there were errors with respect to the collection of the juror questionnaires, and that the foreperson did not sign the verdict form. She failed to include these claims in her statement of questions presented; such issues are thus waived. *Id.* And her arguments on these points are cursory and abandoned. *Harris*, 261 Mich App at 50; *Kelly*, 231 Mich App at 640-641. There is no evidence of errors in regard to the juror questionnaires and no evidence that the jury was corrupted. Defendant cites no authority requiring the foreperson to sign the verdict form. The verdict was returned in open court as required by MCR 6.420(A); the jurors were polled and confirmed the verdict.

Affirmed.

/s/ Jane M. Beckering
/s/ Karen M Fort Hood
/s/ Michael J Riordan